VLASTA NOVOTNY, an Infant, by MARIE NOVOTNY, Her Guardian ad Litem, Respondent, *v.* THEODORE KOSLOFF, Appellant.

Arrest — when order of arrest not justified by an allegation of fraud, in an action on contract — when plaintiff may recover for breach of contract regardless of such allegation.

In an action to recover damages for a wrongful discharge from employment, an order of arrest is not justified under subdivision 4 of section 549 of the Code of Civil Procedure, by an allegation in the complaint of fraud in the making of the contract of employment. Such an allegation is mere surplusage and harmless, and is not relevant to the cause of action. A plaintiff is, therefore, entitled to recover upon establishing a cause of action for breach of contract regardless thereof.

*Novotny* v. *Kosloff*, 159 App. Div. 478, affirmed.

(Argued December 16, 1914; decided January 26, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 11, 1913, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Jacob Manheim* for appellant. Defendant made no material false representations inducing the making of the contract. (*Wheadon* v. *Huntington,* 83 Hun, 371.)

*Roger Foster* and *Rufus M. Overlander* for respondent. This is an action upon an express contract, in which the defendant was guilty of a fraud in contracting the liability. (*Hoboken Beef Co.* v. *Loeffel,* 22 N. Y. S. R. 466; 62 Hun, 611; *Wallace* v. *Murphy,* 22 How. Pr. 414; *Freeman* v. *Leland,* 2 Abb. Pr. 479; *Wheadon* v. *Huntington,* 83 Hun, 371.) Even if the action were one in which an order of arrest could not properly have been issued, that would afford no reason for dismissing the complaint. (Code Civ. Pro. § 549, subd. 4; L. 1879, chap. 542.)

MILLER, J. The action is to recover damages for a wrongful discharge from employment, and the question is whether an order of arrest was justified under subdivision 4 of section 549 of the Code of Civil Procedure by an allegation in the complaint of fraud in the making of the contract of employment, and if not, whether the plaintiff may still have judgment notwithstanding that allegation.

To justify an order of arrest under said subdivision the action need not be one to recover damages for fraud, as under subdivision 2. Under that subdivision fraud is the gist of the action, whilst under subdivision 4 it is the gist of the arrest only, not of the action. The action under the latter subdivision is on contract, not for fraud.

The question is whether the fraud alleged was committed " in contracting or incurring the liability " sued on.

When the contract of employment was made, the defendant contracted or incurred a liability to pay the plaintiff a monthly salary of 500 marks. If the action had been to recover the stipulated salary, the fraud in the making of the contract would have been committed in " contracting or incurring " that liability; but liability for damages for a wrongful discharge was incurred only when the latter wrong was committed, not when the contract was made except possibly in a very remote sense. I cannot express the thought plainer than it was put by Presiding Justice Ingraham in the dissenting opinion below. He said: "The liability arose because of the breach and the defendant incurred the liability, not by making the contract but by refusing to carry it out; and the plaintiff's damages arose not by reason of the making of the contract, which so far as appears she was ready and anxious to perform, but because the defendant refused to allow such performance. I cannot see, therefore, how it can be said that the defendant was guilty of a fraud in contracting or incurring the liability."

The statute is not to be extended by construction so as to embrace cases not clearly within it. (*Hathaway* v. *Johnson*, 55 N. Y. 93.) The provision in question has been in the statutes in one form or another since imprisonment for civil debt was abolished by chapter 300 of the Laws of 1831, which, by subdivision 4, section 4, provided for the issuance of a warrant of arrest in a suit on a debt or demand amounting to more than fifty dollars when it was established "that the defendant fraudulently contracted the debt or incurred the obligation, respecting which such suit is brought." It is cogent evidence against the construction contended for by the plaintiff that a diligent search has failed to disclose a single instance in which it has even been asserted until now that the statute was intended to cover a case like this. The

typical case under the statute is where credit is procured by fraudulent representation and the suit is brought to recover the sum due on the contract. (See *Hoboken Beef Co.* v. *Loeffel*, 22 N. Y. S. R. 466.) In such case the action is on a debt or obligation incurred when the fraud was committed. To be sure, such an action is for a breach of the contract, but the breach consists merely in the non-payment of the money due on the performance of the contract. In such case fraud in the making of the contract has some relation to the liability then incurred to make the stipulated payments. But a liability to respond in damages for a non-performance of the contract in refusing to carry it out, in this case for discharging the plaintiff in violation of its terms, cannot be said to be incurred until the breach is actually committed and is unrelated to the fraud in the making of the contract.

It cannot matter that the contract provided for liquidated damages for the breach. That measured but did not create the liability, which was incurred only when the breach occurred. There is no reasonable basis for a distinction in respect of the matter under consideration between contracts which provide for liquidated damages in case of a breach, and those which do not.

Whilst the allegation of fraud in the making of the contract did not justify the order of arrest and will not justify the issuance of an execution against the person on the judgment, it did not require a dismissal of the complaint. Prior to 1879 it was not essential that the cause of arrest under subdivision 4 of section 549 of the Code of Civil Procedure should appear in the complaint or be proved on the trial. (*Bowery National Bank* v. *Duryee*, 74 N.Y. 491.) To prevent abuses sections 549 and 558 were amended by chapter 542 of the Laws of 1879 so as to require that the cause of arrest be alleged in the complaint and proved on the trial. But those requirements can only apply where the fraud alleged justifies an order of arrest.

The allegation of fraud is irrelevant to the cause of action (*Graves* v. *Waite*, 59 N. Y. 156), and if it does not authorize an order of arrest it is mere surplusage and harmless, because if an order of arrest is granted on such an allegation in the complaint it may be vacated on motion. (Code of Civil Procedure, section 558.)   The plaintiff was, therefore, entitled to recover upon establishing her cause of action for breach of contract regardless of the irrelevant and harmless allegation of fraud.

The court charged, without exception, that the damages were liquidated, and fairly submitted to the jury the question whether the plaintiff or the defendant broke the contract.

The judgment should be affirmed, with costs.

WILLARD BARTLETT, Ch. J., CHASE, COLLIN, HOGAN, CARDOZO and SEABURY, JJ., concur.

Judgment affirmed.