RICHMOND D. MOOT, Respondent, v. MARGARET A. MOOT, Appellant.

Practice — action for absolute divorce — trial of issues by jury — right of parties thereto not affected by rule 31 of the Supreme Court requiring party to have issues settled for trial within twenty days after issue is joined in action.

1. At the time of the adoption of the Constitution of 1846 the only mode of trial sanctioned by law for the determination of the issue raised by a denial of the charge of adultery in a divorce suit was a trial by jury; and the right of the parties to such an action to have such issue tried by a jury has been preserved by the Constitution, under any and all circumstances except such as amount to a waiver prescribed by law.

2. A rule of practice must not be inconsistent with the Code of Civil Procedure. (Judiciary Law, § 94; Cons. Laws, ch. 30.)   It is inconsistent when it endeavors to establish an additional mode of waiver of a jury trial founded on a time limitation not contained in the Code itself.   Hence rule 31 of the General Rules of Practice, requiring a party desiring to have a trial by jury, to give notice

by motion therefor within twenty days after issue joined or the right to trial by jury is waived, is not valid when applied to the trial of the issues of adultery in an action for absolute divorce.

*Moot* v. *Moot*, 164 App. Div. 525, affirmed.

(Argued December 6, 1914; decided February 25, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 19, 1914, which affirmed an order of Special Term settling the issues in an action for divorce for trial before a jury.

The Appellate Division certified the following questions:

"1. Is that portion of rule 31 of the General Rules of Practice which reads as follows, viz.: 'In all actions where either party is entitled to have an issue or issues of fact settled for trial by a jury, either as a matter of right or by leave of the court if either party desires such a trial, the party must within twenty days after issue joined, give notice of motion that all the issues or one or more specific issues be so tried. If such motion is not made within such time, the right to a trial by jury is waived,' — valid when applied to the trial by a jury of the issues of adultery in an action for absolute divorce?

"2. Is the plaintiff entitled as a matter of right to the order granted herein settling the issues for a jury trial?"

*Alfred L. Becker* for appellant. The constitutional right to trial by jury is not so burdened by the rule requiring a demand within twenty days that the rule is invalid for that reason. (*Batzel* v. *Batzel*, 42 N. Y. Super. Ct. 561; *Morrell* v. *Morrell*, 17 Hun, 324; *Conderman* v. *Conderman*, 44 Hun, 81; *Smith* v. *W. P. Ry. Co.*, 203 N. Y. 499; *Fidelity & Deposit Co.* v. *U. S.*, 187 U. S. 315; *Walker* v. *So. Pac. R. R. Co.*, 165 U. S. 593, 596; *Flint River S. Co.* v. *Foster*, 5 Ga. 191; *Leahy* v. *Dunlop*, 6 Colo. 552; *Madison & I. R. Co.* v. *Whiteneck*, 8 Ind. 217; *Foster* v. *Morse*, 132 Mass. 354; *Common-*

*wealth* v. *Whitney*, 108 Mass. 5; *Jones* v. *Robbins*, 8 Gray, 329; *Hunt* v. *Lucas*, 99 Mass. 404.) Rule 31 as amended is not void as .being inconsistent with any statute. (*Matter of Steinway*, 159 N. Y. 250; *Rice* v. *Ehele*, 55 N. Y. 518; *Glenny* v. *Stedwell*, 64 N. Y. 120; *French* v. *Powers*, 80 N. Y. 146; *Gormerly* v. *McGlynn*, 84 N. Y. 284; *Baird* v. *Mayor*, 74 N. Y. 382; *Mackellar* v. *Rogers*, 109 N. Y. 465; *Boyd* v. *Boyd*, 12 Misc. Rep. 119; *People* v. *Eckler*, 19 Hun, 613; *Ulbricht* v. *Ulbricht*, 89 Hun, 479; *People* v. *A. & S. R. R. Co.*, 57 N. Y. 161; *Allen* v. *Gray*, 201 N. Y. 504.)

*John L. O'Brien* and *Daniel Naylon, Jr.*, for respondent. Plaintiff has both a constitutional and a statutory right to have the issue of adultery tried by a jury and the right has not been waived. (*Batzel* v. *Batzel*, 10 J. & S. 561; *Conderman* v. *Conderman*, 44 Hun, 181; *Wilcox* v. *Wilcox*, 116 App. Div. 423; *Haff* v. *Haff*, 64 Misc. Rep. 122; *Day* v. *Day*, 122 App. Div. 907; *Halgren* v. *Halgren*, 160 App. Div. 477; *Tietzel* v. *Tietzel*, 122 App. Div. 873.)

WILLARD BARTLETT, Ch. J. The order of the Special Term which has been affirmed by the Appellate Division and which this permitted appeal brings up for review, granted an application for the settlement of the issues relative to the alleged adultery of the defendant and directed that they be submitted to a jury for trial, notwithstanding that the motion therefor was not made within the time prescribed by rule 31 of the General Rules of Practice as amended in 1910. This was in effect a decision that the moving party was not in default, because the rule was invalid.

Three out of the four Appellate Divisions have asserted its invalidity; that in the second department in *Halgren* v. *Halgren* (160 App. Div. 477); that in the third department in the present case; and that in the fourth department in *Stafford* v. *Stafford* (165 App. Div. 27). In the

first department, on the other hand, the rule has been upheld.  (*Cohen* v. *Cohen*, 160 App. Div. 240.)

Prior to its amendment, the rule was considered by the old General Term of the fifth department in *Conderman* v. *Conderman* (44 Hun, 181), decided in 1887, when the rule read as follows: "In cases where the trial of issues of fact is not provided for by the Code, if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion to be made upon the pleadings, that the whole issue or any specific questions of fact involved therein be tried by a jury." The court was an able one, two members of which were afterwards judges of the Court of Appeals (SMITH, P. J., and HAIGHT, BRADLEY and LEWIS, JJ.). A motion for an order directing the issues in a divorce suit to be tried by a jury had been denied on the ground that the application was not made within the time prescribed by rule 31, without prejudice to a renewal of the motion addressed to the discretion of the Special Term. The General Term reversed the order, holding that the constitutional right to a trial by jury in such cases could not be modified or limited by a rule of practice so as to reduce it to a matter in the discretion of the court if not made within ten days after issue joined; and, furthermore, that the rule could not have the effect to produce a waiver of the right if not exercised within such limited time.

The measure of the right of trial by jury preserved by the State Constitution (Art. I, section 2) in actions for divorce is the right to a jury trial in such cases as it existed at the time of the adoption of the Constitution of 1846.

The power to grant divorces was transferred from the legislature to the Court of Chancery by chapter 69 of the Laws of 1787, the preamble of which recited that it was thought "more advisable for the legislature to make some general provision in such cases than to afford relief

to individuals, upon their partial representations, without a just and constitutional trial of the facts." The act provided that if the party complained of should deny the fact of adultery stated in the bill or petition "the Chancellor shall and may thereupon direct such proper issue or issues as to him shall seem expedient for trial of the fact or facts of adultery stated in said bill or petition, which issue or issues shall be tried either by a special or common jury before the Judges of the Supreme Court, or some one of them, at the bar of the said court or at any Circuit Court within this state, as the Chancellor for the time being shall direct."

Substantially the same provisions in regard to the mode of trial were re-enacted in the Revised Laws of 1813 (2 R. L. 193). Upon a denial of the alleged adultery "the Court of Chancery *shall* thereupon direct a feigned issue or issues to be made up for trial by jury of the fact or facts of adultery charged by the complaint' and denied by the defendant," and "*may* direct the same to be tried by a special or foreign jury if deemed necessary."

Finally by the Revised Statutes, which were in force in 1846, it was provided as follows: "If the offence charged be denied, the court shall direct a feigned issue to be made up, for the trial of the facts contested by the pleadings, by a jury of the country, at some Circuit Court; and ·it may direct a special jury to be struck for such trial, and may make the necessary orders for procuring a list of jurors, and for striking the same; and may award a new or further trial of such issue, as often as justice shall seem to require." (2 R. S. 145, § 40.)

To ascertain what was the practice of the Court of Chancery under this provision of the Revised Statutes reference must be had to the Chancery rules as they existed in 1846. Rule 167 provided: "On a bill for divorce, or to avoid or annul a marriage contract for any other cause than physical incapacity, if the material allegations in the

bill are denied in the answer and the complainant does
not file a replication within the time allowed by the rules
of this court, the defendant on due notice may apply to
have the bill dismissed; but if a replication is filed either
party, without entering an order to produce witnesses,
may, on the usual notice to the adverse party, apply for a
feigned issue." The "usual notice" was prescribed by
rule 89 and varied from four to eight days, depending
upon the residence of the solicitor for the adverse party.
There were other rules relative to jury trials in chancery
cases, adopted pursuant to chapter 317 of the Laws of
1839, but these do not appear ever to have been regarded
as applicable to matrimonial actions.

From what has been stated it is clear, I think, that
when the Constitution of 1846 was adopted a statutory
duty rested upon the Court of Chancery to order that the
issues in a divorce suit relative to the alleged adultery of
the defendant should be tried by a jury. Although the
Chancery rules contemplated an application on notice by
one of the parties, the statute was silent on the subject of
notice; the duty of the court to direct a jury trial was
made simply and solely dependent upon a denial of the
alleged adultery. What happened, as matter of fact, in
a contested divorce case where neither party moved for a
jury trial does not appear. The learned counsel for the
appellant has been unable to ascertain from the reports,
although he "cannot find any precedent for a trial with-
out a jury when the divorce was contested. Apparently
jury trials were sought as a matter of course." Chan-
cery rule 167 did not assume to make the right con-
ditional upon a seasonable application for a feigned issue;
that is to say, it did not provide that the right should be
lost if not demanded by one of the parties in accordance
with its terms. In that event, it would seem to have
been incumbent upon the court, under the language of the
Revised Statutes, to order a jury trial of its own motion.

This review of the law and practice in divorce suits as

14

they existed at the time of the adoption of the Constitution of 1846 satisfies me that *Conderman* v. *Conderman* (*supra*) was correctly decided. The reasoning of Mr. Justice Bradley in the opinion in that case is equally applicable to rule 31, as amended in 1910. Under the authority conferred upon it by the Constitution, the legislature may prescribe by law the manner in which a jury trial may be waived by the parties in all civil cases; and in the exercise of this power it might declare that an unreasonable delay in asserting the right should operate as a waiver in actions for divorce. This, however, it has not yet done; nor has it delegated the power to the convention of Appellate Division justices — assuming that such delegation were possible. Neither in section 1757 of the Code of Civil Procedure, regulating the trial of the issues in an action for divorce, nor in section 970, providing for the settlement of issues in cases where a party has a constitutional or statutory right to a jury trial, is there any limitation as to the time within which the application must be made. Both sections are mandatory; the court *must* make the order if the prescribed conditions are shown to exist. In defining the modes in which a party may waive his right to the trial of an issue of fact by a jury (Code Civ. Proc. § 1009) the legislature has not included a failure to ask for such trial within twenty days after the joinder of issue in a divorce suit.

It is argued that the decision of the Supreme Court in *Conderman* v. *Conderman* (*supra*) is no longer effective because when it was rendered section 970 of the Code of Civil Procedure provided that a party might apply for an order settling the issues upon notice *at any time*, while now (by an amendment enacted in 1891) the words " at any time " have been stricken out. This it is said, was done doubtless for the very purpose of permitting another act of the legislature or a rule of court to be adopted limiting the time within which the application should be made. It may be that the omission was due to an inten-

tion on the part of the legislature to establish a time limitation the non-observance of which should be deemed a waiver; but it suffices to say that if any such intention existed it was never carried into effect. I cannot see that the amendment lessens in the slightest degree the weight of the reasoning upon which the decision in the *Conderman* case was based.

The foregoing considerations lead to the conclusion that in 1846 the only mode of trial sanctioned by law for the determination of the issue raised by a denial of the charge of adultery in a divorce suit was a trial by jury; and the right of the parties to such an action to have such issue tried by a jury has been preserved by the Constitution, under any and all circumstances except such as amount to a waiver prescribed by law. A waiver prescribed by a general rule of practice is not "prescribed by law" within the meaning of section 2 of article 1 of the Constitution, when the legislature has itself expressly defined in the Code of Civil Procedure the various methods whereby the right of trial by jury may be waived. Such a rule must not be inconsistent with the Code. (Judiciary Law, § 94.) It is inconsistent when it endeavors to establish an additional mode of waiver founded on a time limitation not contained in the Code itself. Rule 31, therefore, is not valid when applied to the trial by a jury of the issues of adultery in an action for absolute divorce.

It may properly be observed that even if the rule were valid in this respect, the learned judge at Special Term would not have been bound to enforce against the moving party the waiver which it assumes to evolve out of a failure to move within twenty days after the joinder of issue; for in that event, in the exercise of a wise discretion, the court might have disregarded the default and granted the order appealed from. The allowance of the appeal, however, raises a presumption that the decision was made upon the merits (*Matter of Davies*, 168 N. Y. 89), and thus asserts the constitutional invalidity of the

rule in question; and it is in this aspect that it has been considered in this opinion.

The order should be affirmed, without costs; the first question answered in the negative and the second question in the affirmative.

HISCOCK, CHASE, COLLIN, HOGAN and MILLER, JJ., concur; CARDOZO, J., not voting.

Order affirmed.