PEOPLE ex rel. OLIN v. WARDEN OF DISTRICT PRISON.  (No. 7766.)

(Supreme Court, Appellate Division, First Department.  November 19, 1915.)

CRIMINAL LAW ☞207—CONSTRUCTION OF STATUTE.

    Laws 1903, c. 436, providing that whenever any female over the age of 12 years shall be brought by the police, or shall voluntarily come, before any court or a committing magistrate in the city of New York, and it shall be proved to the satisfaction of such court or magistrate, by the confession of such female, or competent testimony, that such female is found in a house of prostitution, or frequenting the company of prostitutes, thieves, or dissolute persons, or is willfully disobedient to parent or guardian, and is in danger of becoming morally depraved, or is a prostitute, or of intemperate habits, and has not been an inmate of the penitentiary, or is convicted of petit larceny, and is over 16 years of age, and has not been an inmate of the penitentiary, such court or magistrate may judge that it is for the welfare of such female that she be placed in a reformatory, does not purport to deal with crimes, nor to authorize the issuance of a warrant by the magistrate, but is confined to cases where a female is "brought by the police, or shall voluntarily come," etc.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 414, 418, 440, 472–475; Dec. Dig. ☞207.]

Appeal from Special Term, New York County.

Habeas corpus by the People, on the relation of Mary B. Olin, against the Warden of the District Prison. Writ dismissed, and relator appeals. Reversed, and relator discharged.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Philip Berg, of New York City (Max Brown, of New York City, on the brief), for appellant.

Stanley L. Richter, of New York City, for respondent.

LAUGHLIN, J. The husband of the relator made a complaint under oath before one of the city magistrates that on the 6th day of May, 1915, at the city of New York, in the county of New York, but without otherwise designating the place, his wife "was in a state of intoxication, that she is of intemperate habits and has been so for the last 2 years," and that she was 30 years of age and had never been an inmate of the penitentiary, and prayed that she be apprehended and dealt with according to the provisions of chapter 436 of the Laws of 1903. Thereupon the magistrate issued a warrant, reciting the substance of the complaint and commanding that the relator be apprehended and brought forthwith before him, or, in case of his absence or inability, before the nearest or most accessible magistrate, to answer to the charge and to be dealt with according to law. The relator was apprehended under the warrant, and brought before the magistrate, and her pedigree was taken, and she was asked to give any explanation she might deem proper with respect to the charge against her, and she stated that she was not guilty. The magistrate then, without taking evidence and without further information being filed, issued a commitment, committing her to the warden and keeper of the city prison "for examination," and reciting that she was charged with a violation of the provisions of chapter 436 of the Laws of 1903. She then obtained a writ of habeas corpus. The return to the writ showed the facts herein stated. The relator then traversed the return, in effect denying the jurisdiction of the magistrate to issue the warrant or the commitment, and also denying the facts stated in the affidavit upon which the warrant was issued.

There was no evidence before the magistrate showing that the relator had been intoxicated in a public place, which would have given him jurisdiction under the provisions of section 1221 of the Penal Law. He attempted to exercise jurisdiction solely by virtue of the provisions of chapter 436 of the Laws of 1903. We are of opinion that the provisions of that statute did not give him jurisdiction. They do not purport to deal with crimes, nor do they authorize the issuance of a warrant by the magistrate. They confer jurisdiction on the court or magistrate only where a female over the age of 12 years "shall be brought by the police or shall voluntarily come before" the court or committing magistrate. The statute provides that when such female is thus brought before the magistrate by the police, or comes before him voluntarily, and it shall appear by her confession or other competent testimony, among other things, that she "is a prostitute, or is of intemperate habits, and has not been an inmate of the penitentiary," the magistrate "may judge that it is for the welfare of such female that she be placed in a reformatory," and may thereupon commit her to one of the reformatory institutions specified in the statute, and such institution is authorized to receive and hold her under the act, and if she be an adult the commitment shall be for 3 years. With

the exception of the single provision quoted, relating to females who are prostitutes or are of intemperate habits, the statute deals with a female found in a reputed house of prostitution or assignation, or associating with thieves or prostitutes, or associating "with vicious and dissolute persons, or" who is "willfully disobedient to parent or guardian, and is in danger of becoming morally depraved," or who has been convicted of petit larceny. The police have no jurisdiction to invade private premises to arrest females who may be intemperate, and it is manifest, I think, that the scope of the statute does not embrace females residing and found in their own homes, who may have acquired intemperate habits. Other adequate legislation for the commitment and confinement of such persons is found in the statutory provisions relating to persons incompetent to manage themselves or their affairs in consequence of habitual drunkenness (Code Civ. Proc. § 2320), and relating to inebriate females (State Charities Law, § 346). There is neither necessity nor justification for construing this statute as conferring authority to bring a female from her own home before the court or magistrate against her will on the charge of being intemperate.

The provisions of chapter 436 of the Laws of 1903, therefore, authorize neither the issuance of a warrant for the arrest of a female of intemperate habits, nor the commitment of such a person, by a magistrate pending an examination under said statute. The magistrate, therefore, was without jurisdiction to issue either the warrant or the commitment.

It follows that the order should be reversed, and the writ of habeas corpus sustained, and the relator discharged. Settle order on notice.

McLAUGHLIN, CLARKE, and SCOTT, JJ., concur.

INGRAHAM, P. J. The provision of the statute under which the magistrate acted was originally section 1466 of the Consolidation Act (chapter 410 of the Laws of 1882). The particular section (1466) relates to "commitment to a reformatory institution." This section was amended by chapter 436 of the Laws of 1903, and by chapter 537 of the Laws of 1904. Subdivision 1 of that section, as amended, provides:

"Whenever any female over the age of twelve years shall be brought by the police or shall voluntarily come before any court or a committing magistrate in the city of New York, and it shall be proved to the satisfaction of such court or magistrate by the confession of such female, or by competent testimony, that such female, first, is found in a reputed house of prostitution or assignation, or in company with, or frequenting the company of thieves or prostitutes, and, * * * second, is a prostitute, or is of intemperate habits, and has not been an inmate of the penitentiary, * * * such court or magistrate may judge that it is for the welfare of such female that she be placed in a reformatory, and may thereupon commit such female to one of the following reformatory institutions."

There is no authority in this statute for the police magistrate to issue a warrant for a person merely charged with being of intemperate habits, nor is such a condition made a crime. It seems to be

the evident intention of the Legislature to allow the court or magistrate before whom such a female is brought for any cause, where it shall appear by competent proof or by confession of such female that she is "of intemperate habits," to commit such female to a reformatory. Mere intoxication, without other conditions, has not by any statute been made a crime, or justified an arrest of a person who has become intoxicated or of intemperate habits. If such a female as is described in this section is before the court or a magistrate for any reason, then the magistrate has power, upon competent proof or confession of the female, to make the commitment. In this case the husband of the relator made a complaint under oath before one of the city magistrates that his wife was in a state of intoxication, that she was of intemperate habits, and has been so for the last 2 years. Upon that, the magistrate issued a warrant, and the relator was brought before him by a police officer. The magistrate's return shows that the relator was duly examined before him on the annexed charge. She said she was not guilty, whereupon the magistrate committed her to the warden of the city prison for examination, charged with a violation of section 436 of the Laws of 1903, and fixed her bail at $500. It seems to me that the magistrate was without jurisdiction to issue a warrant for the relator's arrest, or to hold her for examination for a violation of this section of the Consolidation Act. The relator had committed no crime and was charged with none. Assuming that the relator was before the magistrate as provided for by this section 1466 of the Consolidation Act, as amended as aforesaid, the only jurisdiction he had was to commit her to a reformatory if it was proved to his satisfaction by her confession or by competent testimony that she was of intemperate habits. He did not undertake to make such an examination. She certainly did not confess, and there is no competent proof before him as to her condition. She was therefore entitled to a discharge. The magistrate had no jurisdiction to commit her for further examination.

The section deals with a particular class of females who have committed some criminal offense, or who are found in houses of prostitution, or frequenting the company of thieves or prostitutes, or associating with vicious and dissolute persons, or willfully disobedient to parent or guardian, or in danger of becoming morally depraved. It seems to me quite clear that it was not the intention of the Legislature to make a person of intemperate habits a criminal, or to justify a magistrate in arresting or committing such female, when disconnected with any of the other conditions prescribed by the statute. A magistrate has not, I think, under this section, any jurisdiction to issue a warrant for any person merely charged with intemperate habits and hold a person so charged in custody for further examination.

The order appealed from should therefore be reversed, and the relator discharged.