ZEESELL REALTY CO., INC., Respondent, *v.* JOHN J. CUNNINGHAM, Appellant.

Supreme Court, Appellate Term, First Department, July 16, 1925.

**Default — opening default — order directed defendant's default be opened on condition he furnish surety bond or cash as security for judgment and that cause be tried by court without jury — unless defendant is concluded by agreement in lease waiving jury trial, condition that cause be tried without jury, error — order modified.**

An order opening defendant's default on condition that he furnish a surety company bond or cash as security for the payment of the judgment to be obtained and on the further condition that the cause be tried by the court without a jury, should be modified by striking out the condition including the condition that the cause be tried by the court without a jury, unless defendant is concluded by his agreement in the lease to waive the jury trial in the event of litigation, since said condition in the absence of any order of the court striking the case from the jury calendar, was error.

BIJUR, J., dissents with opinion.

APPEAL by the defendant from an order of the Municipal Court, Borough of The Bronx, Second District, opening his default on certain conditions.

*Craig & Craig* [*Agnes M. Craig* of counsel], for the appellant.

*Lewis J. Feinstein,* for the respondent.

LEVY, J.:

An order was granted here opening the default of the defendant on condition that he furnish a surety company bond or cash as security for the judgment to be obtained, and on the further condition that the cause be tried by the court without a jury.

The conclusion of the court below that defendant's default was willful, deliberate and intentional is not borne out by the record, for it appears that although defendant demanded a jury trial and that under the jury trial practice in The Bronx borough the clerk notifies the attorneys before the cause appears on the calendar, no such notification was given by the clerk in this instance, and the default was taken upon the theory that the cause was a non-jury one. It is said in an affidavit in opposition to the motion to open the default below that plaintiff's motion for summary judgment was denied by Mr. Justice FITZGERALD " with the statement that this action be stricken from the jury calendar because the eighteenth paragraph of the lease entered into by the parties to the action plainly provided for a waiver of a jury trial in the event of any litigation between these parties." What the form of

the so-called "statement" of the justice was, whether by order or otherwise, does not appear. In the absence of an order of the court it certainly was not incumbent upon the defendant to pay serious attention to the "statement," nor was the clerk required to ignore defendant's demand for a jury trial. Unless, therefore, defendant is concluded by his agreement in the lease to waive a jury trial in the event of litigation between the parties it was error to impose the conditions in the order appealed from, especially the condition that the cause be tried by the court without a jury.

This court held in *Melrose Avenue Real Estate Corp.* v. *Morner* (affd., 206 App. Div. 689) that the defendant in that action had not, under a similar clause in his lease, waived the right to a jury trial, for the reason that such an anticipatory provision is not one of the methods expressly defined by statute by which a right to a trial by jury may be waived. (*Moot* v. *Moot*, 214 N. Y. 204, 211; and see *O'Brien* v. *American Mirror Mfg. Corp.*, 165 N. Y. Supp. 448.)

It follows that the order appealed from must be modified by striking out the conditions contained therein, including the condition that the cause be tried by the court without a jury, and as modified affirmed, with ten dollars costs to appellant.

McGOLDRICK, J., concurs; BIJUR, J., dissents in opinion.

BIJUR, J. (dissenting):

I am unable to concur in the views expressed by my learned colleague in reference to the waiver of the right to a trial by jury. It seems to me that the determinative factor is the consideration of public policy. Thus, in *Cancemi* v. *People* (18 N. Y. 128, 138), a case involving a judgment of death for murder, the Court of Appeals held that the policy of the State demanded that a jury consisting of twelve persons should alone be qualified to render a legal verdict, and that notwithstanding the consent of the accused, a verdict by a less number could not be recognized. (See, also, as to exemption from execution, *Kneettle* v. *Newcomb*, 22 N. Y. 249.) On the other hand, the distinction between such a case and one in which only civil rights were involved and in which the State had no interest was clearly recognized in *Sentenis* v. *Ladew* (140 N. Y. 463) and *Baird* v. *Mayor* (74 id. 382).

There is a middle ground represented by cases in which the State has at least a qualified interest. Thus, agreements to arbitrate, while executory, were regarded before the Arbitration Law as unenforcible because they undertook to oust the jurisdiction of the courts. In cases involving, for example, the method of sale under conditional sales agreements it has been held that while the State had sufficient interest in the situation to deprive the vendee

of the privilege to waive his rights to a statutory sale, nevertheless after the correct method of sale had been initiated the vendee might for an adequate consideration and in express terms compromise the respective claims in any way he deemed advisable. (*Seeley* v. *Prentiss Tool & Supply Co.*, 158 App. Div. 853; affd., 216 N. Y. 687.) These were all cases in which the party entitled to the privilege voluntarily undertook to surrender it.

On the other hand, in *Moot* v. *Moot* (214 N. Y. 204, 211) the court held that a jury trial in a civil case could not be waived *in invitum* except in the manner prescribed by law, and that an implied waiver could not be imposed by the General Rules of Practice which did not in that connection have the force of statute. From none of these cases do I think that it follows that parties engaged by contract to a continuous course of transactions may not in the same agreement lawfully contract for one mode of trial, fully recognized by law, rather than another. I cannot see that any public policy of the State is contravened by a trial before a judge rather than before a judge and jury, and this seems to me to apply more particularly to the Municipal Court where the usual mode of trial is without a jury. Since the right to a trial by jury may be waived voluntarily in modes other than those prescribed by the statute (*Mackellar* v. *Rogers*, 109 N. Y. 468, 472), I think that the waiver in the case before us was effective.

In my opinion, therefore, the order should be modified to provide that the default be opened; that the judgment stand as security and that the cause be set for trial on a convenient day on the non-jury calendar.