THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILBERT SHER-
WOOD and Another, Relators, *v.* THE CITY OF BUFFALO and
Another, Respondents.

Supreme Court, Erie County, March, 1926.

Crimes — habeas corpus to inquire into detention of relators committed
to Buffalo City Hospital on pleading guilty of violation of Buffalo City
Court Act, § 115-a — statute applies only to Buffalo City Court, but
fails to confer jurisdiction thereon — statute does not make use of
drugs, crime — relators should be discharged — fact that relators
pleaded guilty does not preclude them from seeking release.

Section 115-a of the Buffalo City Court Act (Laws of 1909, chap. 570, as amd.
by Laws of 1925, chap. 387), reciting that "In addition to the jurisdiction
conferred on courts of record by section one hundred and seventy-three, one
hundred and seventy-four, one hundred and seventy-five and one hundred and
seventy-six of the insanity law, such court, on the arrest * * * of any
person for unlawfully using" certain specified or any other "habit forming
drug * * * may, after a hearing commit such person to any hospital sup-
ported by the city, to be detained therein for a period not exceeding one year,"
applies solely to the City Court of Buffalo, but said statute neither gives juris-
diction to that court of a crime or charge, nor power to comit therefor, and does
not make the use of habit-forming drugs unlawful; in the absence of a statute
making the use of such drugs unlawful, the use thereof is lawful and is not a crime.

Accordingly, the relators, who, upon pleading guilty, were adjudged guilty of
the violation of section 115-a of the Buffalo City Court Act and committed
to the Buffalo City Hospital for a term not exceeding one year, by a justice
thereof, are being deprived of their liberty without law, and should be
discharged.

The fact that the relators pleaded guilty when arraigned in the Buffalo City Court,
and submitted to their commitment and detention, does not bind them to
a continuance of the commitment, since they are entitled at any time to seek
their liberty.

HABEAS CORPUS proceeding to inquire into the detention of
relators, who are held under commitments to the Buffalo City
Hospital.

*Samuel M. Fleischman,* for the relators.

*Frederic C. Rupp, Corporation Counsel [Charles S. McDonough,
Assistant Corporation Counsel,* of counsel], for the respondents.

NORTON, J. The relators were, upon their pleas of guilty,
adjudged to be guilty of a violation of section 115-a of the Buffalo
City Court Act (Laws of 1909, chap. 570, as amd. by Laws of
1925, chap. 387), and were committed to the Buffalo City Hospital
for a term of not to exceed one year, by the City Court of Buffalo.
They are now detained by the hospital pursuant to such
commitment.

Upon the return of the writ herein relators urged as grounds for their discharge from such commitments and detention, that said law under which the City Court acted did not give that court jurisdiction to adjudge them to be guilty of violations of law, nor to commit them to the hospital. Basing such contention on the lack of law constituting the acts with which they are charged crimes or unlawful, and upon the ground that the Buffalo City Court was not given any jurisdiction under the peculiar wording of said law, under which it assumed jurisdiction and acted in their cases, viz., chapter 347, Laws of 1925, which reads:

" Section 1. Chapter five hundred and seventy of the laws of nineteen hundred and nine, entitled ' An act to establish the city court of Buffalo, defining its powers and jurisdiction and providing for its officers,' is hereby amended by adding a new section, to follow section one hundred and fifteen, to be section one hundred and fifteen-a, to read as follows:

" § 115-a. Power to commit drug addicts. In addition to the jurisdiction conferred on courts of record by section one hundred and seventy-three, one hundred and seventy-four, one hundred and seventy-five and one hundred and seventy-six of the insanity law, such court, on the arrest by any peace officer of any person for unlawfully using opium, morphine, cocaine, eucaine, heroin, or any of their derivatives, or any other habit forming drug or substance, or on information that any person is using the same, may after a hearing commit such person to any hospital supported by the city, to be detained therein for a period, not exceeding one year, or for such period less than a year as may be necessary, in the judgment of the physician in charge of such hospital, for the proper treatment and cure of such person; and any hospital supported by the city is authorized to receive and treat any person so committed.

" § 2. This act shall take effect immediately."

Relators contend that the words " such court," in said law, relate to and mean the courts of record thereinbefore mentioned and not the City Court; and that the jurisdiction therein given to adjudge guilt of and commit for unlawfully using habit-forming drugs was conferred on courts of record and not upon the City Court; that in consequence the commitments in question are void; that the City Court had no jurisdiction of the matters adjudicated, nor to make the commitments in question.

Such chapter 347, in the body thereof, enacts an amendment to chapter 570 of the Laws of 1909, a law the sole purpose of which was to create and establish the City Court of Buffalo and which gives such court the jurisdiction it has and under which it functions. Said chapter 347 constitutes such amendment, section 115-a of said

Buffalo City Court Act, and places such new section in article VI, and following a section which in terms gives such City Court " additional jurisdiction."

I am convinced that the words " such court," as used in section 115-a, refer and apply to the City Court of Buffalo, and to that court only.

That conviction is strengthened by the fact that the word " court " in said phrase is used in the singular and not the plural. There is more than one court of record, while there is but one Buffalo City Court. If jurisdiction of drug addiction is a crime and all drug addicts as criminals or violators of law, which are the only purposes of the enactment of section 115-a, were to be conferred thereby on courts of record only, as urged by the relators, would such purposes be effected by an amendment to the Buffalo City Court Act? Are the County Courts and the Supreme Court throughout the State to look to the Buffalo City Court Act, a distinctly local law, for their jurisdiction and powers? Such questions can only be answered in the negative.

But although section 115-a relates to the Buffalo City Court, and is an attempt to confer jurisdiction upon that court of an undefined crime, described as " unlawfully using " certain specified and other " habit forming " drugs and of persons charged therewith, it fails to do so. It neither gives jurisdiction to that court of a crime or charge, nor power to commit therefor.

Counsel have not referred to, and I have been unable to find, any other law of this State or Nation in force when such section 115-a was enacted, or when the commitments in question were made, that in terms, or by inference, makes the use of habit-forming drugs a crime or unlawful.

Article XI-A of the Public Health Law, added by chapter 363 of the Laws of 1914, which regulated the sale and prescriptions of habit-forming drugs, in section 249-a thereof (as amd. by Laws of 1917, chap. 431) provided that: " The constant use by any person of any habit-forming drug, except, * * * is hereby declared to be dangerous to the public health." And further provided that upon complaint to a magistrate and after due notice and hearing, the magistrate shall, if the person is found to be addicted to the use of a habit-forming drug, commit such person to a State, county or city hospital.

Such article XI-A was repealed by chapter 639 of the Laws of 1918; and in place thereof article XXII was added to the Public Health Law, which in section 438 re-enacted the substance of the above-quoted portion of said section 249-a.

But such article XXII of the Public Health Law, including

section 438, was repealed by chapter 708 of the Laws of 1921, leaving no law upon the statutes, which in terms or by inference declares the use of habit-forming drugs to be unlawful.

In the absence of a statute making the use of such drugs unlawful, use thereof is lawful and is not a crime.

The Penal Law, section 2, defines a crime as " an act or omission forbidden by law." And in section 22 of the Penal Law it provides that " no act or omission  *  *  *  shall be deemed criminal or punishable, except as prescribed or authorized by this chapter, or by some statute of this state." (See, also, *People* v. *Knapp,* 206 N. Y. 373, 380.)

As such section 115-a does not make the use of such drugs unlawful, therefore such use is not a crime nor unlawful. While such section purports to confer jurisdiction on the City Court, the jurisdiction it purports to give is of a crime that does not exist, of acts that are not unlawful.

The City Court, in relators' cases, construed such section 115-a as making the use of such drugs a crime and unlawful. The commitments recite that the relators are " charged with vio. Sec. 115-a City Court Act  *  *  *  and  *  *  *  having been thereupon duly convicted upon a plea of guilty, I have adjudged them to be imprisoned in the City Hospital." But section 115-a does not " forbid any act or omission." It follows there can be no violation of such section 115-a; and if that section can be violated, the violation thereof would not be a crime or unlawful, and, therefore, not punishable.

The commitments of relators, and their detention thereunder, violate the provisions of article 1, section 1, of the Constitution of the State of New York, that no one shall be deprived of any right unless by the law of the land, and also the due process of law provision of section 6 thereof.

These relators are being deprived of their liberty, not by law, but without law therefor.

In *People ex rel. Tyroler* v. *Warden of Prison* (157 N. Y. 116, 128) and *Matter of Jacobs* (98 id. 98) the Court of Appeals holds that all laws which restrain one's otherwise lawful movements (except in the exercise of the police power) are infringements upon his fundamental rights of liberty, which are under constitutional protection; and that such laws are void as being in contravention of the Constitution.

In the present case there is no law which makes the acts on which the commitments are based unlawful. The relators by their pleas of guilty and the City Court by its adjudication, do not and cannot make criminal what is not a crime nor unlawful what is

not unlawful. (*People ex rel. Olin* v. *Warden of District Prison*, 170 App. Div. 289; affd., 218 N. Y. 704.)

The fact that relators plead guilty, when arraigned in City Court, to the charge of violating section 115-a of the City Court Act and submitted to their commitment and detention, does not bind them to continue to submit thereto. They are entitled to their liberty at any time. (*People ex rel. Ordway* v. *St. Saviour's Sanitarium*, 34 App. Div. 363; *Matter of Baker*, 29 How. Pr. 485, 489.)

That relators, as inebriates, if the city of Buffalo had, under section 136 of the General Municipal Law, established a hospital and colony for inebriates, might be committed thereto, under section 139-a of said law; or that they may be, as inebriates, under the Insanity Law, sections 173, 174, 175 and 176, committed to any private, licensed institution for the insane; or that relator Rose Leslie may be, as an inebriate female, under sections 341 and 345 of the State Charities Law, committed to a sanitarium or institution, does not make relators' addiction to the use of drugs criminal or unlawful; nor bring them as criminals, nor their use of habit-forming drugs as a crime, within the jurisdiction of the Buffalo City Court.

Whether said section 115-a is unconstitutional for omitting provision for a jury trial of the issue of inebriety, is open to serious question.

The Constitution adopted in 1846 preserved the right of trial by jury in all cases in which it had been theretofore used. (N. Y. Const., art. I, § 2; *Moot* v. *Moot*, 214 N. Y. 204; *Wynehamer* v. *People*, 13 id. 378.)

Upon the issue of incompetency, in a proceeding under the Insanity Law, to commit an alleged insane person to a State hospital, such person is entitled to a jury trial. (*Sporza* v. *German Savings Bank*, 192 N. Y. 8.)

But upon the issue of incompetency in a proceeding under the State Charities Law, to commit an alleged feeble-minded person to a State custodial asylum, such person is not entitled to a jury trial. (*Matter of Perkins*, 105 Misc. 534.)

Upon the issue of incompetency, or inebriety, of a person alleged to be an habitual drunkard, through habitual excessive use of intoxicating liquors, in a proceeding to commit such person to an institution, such person is entitled to a jury trial. (Laws of 1821, chap. 109; 2 R. S. 52, § 1; *Matter of Baker*, 29 How. Pr. 485; *Matter of Janes*, 30 id. 446; *Matter of Brown*, 1 Abb. Pr. 108.)

However, decision, whether the habitual inebriety caused by the excessive use of habit-forming drugs, should be differentiated from the habitual inebriety caused by the excessive use of intoxicating

liquors; and as inebriety resulting from the excessive use of habit-forming drugs has become the subject of statutory enactment, since the adoption of the Constitution of 1846, jury. trial of the issue of such inebriety is preserved by the Constitution, is not necessary to the disposition of the questions involved herein.

The relators have not violated any provision of law and their commitments were and their detention is without warrant. The writ is, therefore, sustained and the relators are, and each of them is, discharged from custody.

Writ sustained.