In the Matter of Supplementary Proceedings: THE BOWERY SAVINGS BANK, Judgment Creditor, *v.* DAVID FELDMAN, Judgment Debtor.

City Court of New York, Bronx County, June 24, 1936.

*David C. Josephson,* for the judgment creditor.

*Louis Susman,* for the judgment debtor.

SCHACKNO, J. Motion to punish judgment debtor for contempt. The contempt claimed is that the judgment debtor gave false answers on material questions asked of him in supplementary proceedings. The issue of fact as to whether such answers were false was referred by me to the Hon. Joseph I. Green, official referee, to hear and report; pendin the filing of the referee's report the motion was held in abeyance; the report has now been filed. The learned referee has reported that the judgment debtor has not sworn falsely but gave his best recollection of what transpired in regard to the money received by him ard the number of days that he worked and has recommended that the "limit of costs" be imposed upon the judgment creditor, together with ten dollars costs of the motion to be deducted from the judgment. The basis for this recommendation is his finding that to have made a motion of this kind, based upon the testimony, "is an outrageous abuse of the process of this Court;" without permission of the court, judgment creditor's attorney has filed an affidavit in opposition to the motion to confirm the report, a practice which is wholly unauthorized, and asks that the report be rejected and the motion to punish the judgment debtor for contempt be granted; it is contended that in his report the learned referee inadvertently misstated the facts; there is as much basis for this claim as there was for bringing on this motion. While it is the duty of every member of the bar to protect the rights of his client, such protection does not include the persecution of a person against whom such a client may hold a judgment; the attorney for the judgment creditor should have had constantly in mind that he owed a duty to the court, of which he is an officer, not to abuse its process. This is especially true, where as in the instant case, the debtor was not represented by counsel and was unable to retain one to represent him to protect his integrity and perhaps his liberty. The recent amendment to

the Civil Practice Act* has provided a remedy against a judgment debtor who gives false answers on material matters asked of him in supplementary proceedings, but such amendment did not take away from a judgment debtor who is truthful, the protection by our courts of his rights nor did it authorize an overzealous attorney to persecute or harass a judgment debtor so as to prevent him from trying to earn his livelihood. The conduct of the attorney for the judgment creditor cannot be excused on the ground of overzealousness; his attitude in seeking to have the report of the learned referee rejected and his insistence that the judgment debtor be held in contempt belie any such claim, as does his amazing statement that the condemnation of his conduct by the learned referee is intended for the court because it referred the issue of fact to him.

Referee's report confirmed, the exceptions thereto are overruled; motion to punish judgment debtor for contempt is denied, with ten dollars costs, together with ten dollars costs on this motion to confirm to be deducted from the judgment. Order filed.

* Civ. Prac. Act, § 788, added by Laws of 1935, chap. 630.