WILLIAM F. STAFFORD, Judgment Creditor, *v.* FREDERICK J. BRUCE, Judgment Debtor.

Supreme Court, Special Term, New York County, August 3, 1936.

*Elmer Levenson,* for the judgment creditor.

*Kelly, Hewitt & Harte,* for the judgment debtor.

McLAUGHLIN (CHARLES B.), J. This is an application to have the judgment debtor adjudged guilty of contempt pursuant to the provisions of section 788 of the Civil Practice Act based upon the claim that he gave willfully and knowingly false testimony in his examination in supplementary proceedings.

The application in effect would imprison the judgment debtor, if he failed to make payment of the judgment, which payment the judgment creditor seeks herein, as a result of the alleged contempt.

Imprisonment for debt in this State was abolished by the Legislature by act of April 26, 1831 (Laws of 1831, chap. 300). This enactment, entitled "An Act to Abolish Imprisonment for Debt, and to punish Fraudulent Debtors," was subsequently amended by chapter 214 of the Laws of 1845.

As stated in *Hathaway* v. *Johnson* (55 N. Y. 93, at pp. 95, 96) the act o 1831 " abrogated the system under which an innocent debtor, whose only fault might be his inability to pay his debts, could be deprived of his liberty and imprisoned at the instance of the creditor. It was a system of great severity, fruitful of oppression; and its abolition was demanded by public sentiment, influenced by the growth of more just and humane views of the respective rights of creditors and their debtors. * * * Statutes authorizing arrest and imprisonment for debt, although remedial in that they are designed to coerce, by means of the imprisonment, the payment of the creditor, are also regarded as penal, and ought not to be extended by construction so as to embrace cases not clearly within them. (*Sturgis* v. *Crowinshield,* 4 Wheat. 200; *Von Hoffman* v. *The City of Quincy,* 4 Wall. 553.) "

The latter expression from *Hathaway* v. *Johnson* is reaffirmed in *Novotny* v. *Kosloff* (214 N. Y. 12, at p. 14).

The state of the law, as thus expressed, has continued uninterruptedly for over one hundred years. In 1935 the Legislature added a new section to the Civil Practice Act, which went into effect September 1, 1935.

This new section 788 of the Civil Practice Act reads: " A judgment debtor, third party or witness who shall wilfully and knowingly testify falsely concerning any material subject or matter in the course of a proceeding under this title, shall be guilty of a civil contempt of court and shall be punished by fine or imprisonment, or both, in accordance with the provisions of the Judiciary Law."

If the effect desired by the judgment creditor is given to this section, we shall have retraced our steps of a century and once more we shall recognize the inhuman doctrine of imprisonment for debt.

A careful consideration of this section and a review of the law involved lead the court to the conclusion that even if it were necessary to determine the application before it, solely on the effect thereof, no such result as requested could be given.

The " proceeding under this title," expressed in section 788 of the Civil Practice Act, refers to " Proceedings Supplementary to Judgment." (See Civ. Prac. Act, art. 45.)

Hence, it is apparent that the intention of the section is to favor a special class of persons by the false swearing mentioned therein. No other class of false swearing is included. In face of this it would be difficult to sustain this statute.

At page 150 in McKinney's Consolidated Laws of New York, volume 1 on Statutes, in section 83 it is stated: " A construction of a statute is favored which makes it operate equally on all classes of persons and avoids unjust discrimination."

This is likewise recognized in *Matter of Meyer* (209 N. Y. 386, at p. 389). There the language of the court is: " Where a particular application of a statute in accordance with its apparent intention will occasion great inconvenience or *produce inequality or injustice, another and more reasonable interpretation is to be sought. (Holy Trinity Church* v. *United States,* 143 U. S. 457; *Murray* v. *N. Y. C. R. R. Co.,* 4 Keyes, 274; *People ex rel. Wood* v. *Lacombe,* 99 N. Y. 43; *Murray* v. *Gibson,* 15 How. [U. S.] 421; *State ex rel. Heiden* v. *Ryan,* 99 Wis. 123.) "

To thus summarily punish the judgment debtor for alleged perjury would be to deprive him of his constitutional right to be tried by a jury for his alleged offense.

Section 2 of article 1 of the New York State Constitution provides: " The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

The word " heretofore," used in this constitutional provision, must be taken to mean before 1846.

In *Moot* v. *Moot* (214 N. Y. 204) the court had occasion to consider this point and at page 207 thereof the court said: " The measure of the right of trial by jury preserved by the State Constitution (Art. 1, section 2) in actions for divorce is the right to a jury trial in such cases as it existed at the time of the adoption of the Constitution of 1846."

We have seen that since 1831 imprisonment for debt has been abolished. To seek punishment for perjury in supplementary proceedings since 1831 was clearly within the purview of the constitutional provision.

This great right is recognized in *Moynihan* v. *Devaney* (90 Misc. 346). False swearing in supplementary proceedings was considered there. Judge LEHMAN, now in the Court of Appeals, writing then for the unanimous court in the Appellate Term, stated (at p. 349): " Upon the bare issue of perjury, he is entitled to a trial before a jury under the safeguards of the criminal law."

In similar vein, the Court of Appeals expressed itself in *Fromme* v. *Gray* (148 N. Y. 695, at p. 697): " If we assume that the defendant perjured himself in interposing the verified answer in question, then his punishment must be left to the criminal branch of the court; where, after proper proceedings, he may be tried by a jury for the offense as charged in an indictment."

It is, to say the least, extremely doubtful if the statute is valid because it takes away any trial by jury.

However, it is not necessary to decide this motion on the legal questions involved. The court finds as a fact that the judgment debtor did not " willfully and knowingly testify falsely," so as to make him liable to punishment in accordance with the provisions of the Judiciary Law  He contradicted himself as to past disbursements but there was no willful false testimony. He had voluntarily made available to the judgment creditor and his accountant all his records. Full and complete opportunity for examination and discovery was given by the judgment debtor. These books and records were part of his testimony. As a result, the court does not find that any right or remedy of the judgment creditor has been impaired, impeded or prejudiced within the provisions of the Judiciary Law.

The language " wilfully and knowingly testifies  *  *  *  falsely " appears in section 1620 of the Penal Law. Under the facts of the instant matter, there could be no legal conviction for perjury. The testimony of the judgment debtor gave all the facts when he opened his books and records to the judgment creditor and such facts would bar any prosecution for perjury.

In *People* v. *Glass* (191 App. Div. 483) appears (at p. 486) the following: " In *People* v. *Gillette* (126 App. Div. 665), Mr. Justice MCLAUGHLIN, now a judge of the Court of Appeals, said: ' A judicial investigation or trial has for its sole object the ascertainment of the truth that justice may be done. It holds out every inducement to a witness to tell the truth by inflicting severe penalties upon those who do not. *This inducement would be destroyed if a witness could not correct a false statement except by running the risk of being indicted and convicted for perjury.*' "

The testimony given was not willful false swearing. The opening of the books and records negatived that contention. Motion is denied.