FRANK SOPRINSKY and Others, Judgment Creditors, *v.* SAM TOLMAN and MEYER TOLMAN and Others, Judgment Debtors.

City Court of New York, Special Term, Bronx County, August 7, 1936.

382

*Lewis Steinfeld*, for the judgment creditors.

*Benjamin Steinberg*, for the judgment debtors.

SCHACKNO, J. Motion to punish judgment debtors Meyer Tolman and Sam Tolman for contempt. The contempt claimed is that they willfully and knowingly gave false answers to material questions asked of them in their examination in supplementary proceedings. The issues of fact presented by the motion were heard by me. At the hearing the judgment debtors moved to dismiss the proceedings on the ground that section 788 of the Civil Practice Act is unconstitutional in that it deprived them of their right to have a jury determine the questions involved on this motion. Reliance was placed on *Stafford* v. *Bruce* (160 Misc. 425). The court there found that the judgment debtor had not testified falsely and what it stated as to the constitutionality of the section was dicta. With that dicta I cannot agree. So far as I know there is no constitutional requirement that a person charged with contempt is entitled to have that question passed upon by a jury. Perjury is and has been prevalent in our courts, and more especially in supplementary proceedings. After a careful investigation of the evil, the Legislature provided a simple and summary remedy against those who were found guilty thereof in supplementary proceedings. Courts should give effect to legislative mandates until an appellate court holds that the Legislature exceeded its powers. The motion to dismiss is denied.

The least to which a creditor is entitled from his debtor is the truth. It would be futile for him to examine his debtor if the truth is not told. When truthful answers are given, a debtor need have no apprehension about the provisions of section 788 of the Civil Practice Act, for the court will not lend itself to be used as a vehicle of oppression against a person who is unable to pay his debts and is truthful in his examination. (*Bowery Savings Bank* v. *Feldman*, 160 Misc. 245.) The evidence establishes the fact that Sam Tolman has no respect for the sanctity of an oath. Confronted with proof of his falsification he remained silent. The check and the invoices offered in evidence speak for themselves. The shop-worn and moth-eaten argument of unconstitutionality, so often resorted to where there is no defense, will be of no avail to him to avoid punishment. His falsification was deliberate and with a design and purpose to prejudice the judgment creditor to

the extent of preventing him from collecting his judgment. He is adjudged to be in contempt and is hereby fined the sum of two hundred and fifty dollars (Judiciary Law, §§ 750, 751), and twenty dollars costs, the fine to be paid in semi-monthly installments of twenty dollars, commencing August 15, 1936, and when paid, with the exception of the costs, is to be applied in reduction of the judgment. Upon default in the payment of any of said installments an order of commitment may issue.

The evidence fails to establish that Meyer Tolman willfully and knowingly gave false answers to material questions asked of him in his examination in supplementary proceedings. As to him the motion is denied. Settle order on two days' notice.