Frank A. GKjlotta, J.
Defendants move, pursuant to section 299 of the Civil Practice Act, to strike plaintiff’s complaint for willful failure to submit to an examination before trial. Plain *799 tiff, by cross motion, seeks to vacate the defendants’ notice of examination dated August 4, 1959, upon the grounds that a statement of readiness and note of issue were served and filed on May 20, 1959, and defendants having made no motion within 20 days to strike the case from the calendar as provided by the Statement of Readiness For Trial Rule [§ (5); § (9), subd. (c)] of the Special Rules of the Appellate Division, Second Department, for the Supreme Court in the Counties Within the Second Judicial Department, are now barred.
Defendants challenge the power of the Appellate Division to nullify by rule the provisions of section 288 of the Civil Practice Act and their rights thereunder. In other words, they say since section 288’s only limitation on.the time of an examination before trial is that it be conducted “ before trial ”, the attempt by calendar rules to severely limit the right to five years before the trial, as in the case of Nassau County, where the calendar is that far behind, contravenes section 83 of the Judiciary Law which provides that rules may not be ‘ ‘ inconsistent with any statute ”.
Cases such as Broome County Farmers’ Fire Relief Assn. v. New York State Elec. & Gas Corp. (239 App. Div. 304, affd. 264 N. Y. 614 [1933]), and Moot v. Moot (214 N. Y. 204) would seem to lend substantial support to defendants ’ position. In the first case it was held error to suppress a deposition which had not been read to a witness as directed by rule 129 of that time because it conflicted with section 302 of the Civil Practice Act, which merely provided that the full question and answer be taken down and was silent with respect to the “ read back ” requirement. Similarly in the Moot case it was held that a time limitation, imposed by rule 31 on the constitutional right to a jury trial in a divorce action, exceeded the rule-making power of the AppeHate Division.
That is exactly defendants’ position here, but the trend today is to sustain such rules where they deal with calendar practice, because of the extremely overcrowded condition of the calendars.
In a recent case in the First Department, Price v. Brody (7 A D 2d 204), all of the policy arguments made by the defendant here were decided adversely to his contentions, when that court reversed an order of Special Term which granted an examination before trial without a showing of special circumstances. The question of power to make the rule was not discussed.
Here defendants claim no special circumstances, but address themselves solely to their right to an examination as matter of right.
*800 I conclude that the rule does not offend against the Judiciary Law and the defendants’ motion to strike the complaint is denied and the plaintiff’s cross motion is granted. Short-form order signed.