## NEW YORK COMMON PLEAS.

### STEPHEN T. CLARK agt. JAMES BROOKS and others.

Where, in an action between *partners* to settle copartnership matters, it becomes evident to the court, on examination of the issues, that the several interests of the parties will, on the trial, involve much contradiction—perhaps questions of veracity—of mistake or fraud in the drawing of the papers, &c., and is manifestly an inquiry which business men, accustomed to examine facts, should decide, the court will *direct the issues to be tried by a jury.*

And it is no objection to the granting of a proper application of this kind, that it is not made *within ten days after issue joined*, as provided by a *general rule* of the court. The court always deviates from the general rules whenever in its judgment a proper case is presented.

*New York Special Term, February*, 1864.

MOTION by defendants for a settlement of the issues in this action, and that they be tried by a jury.

JOHN McKEON, *for motion.*

HENRY A. CRAM, *opposed.*

CARDOZO, J.   Trial by jury is a favorite and a favored part of our judicial system.   The semblance of an encroachment upon it is justly viewed with distrust and alarm.   So great are the advantages which it posseses for ascertaining the truth, and so high is it in public regard and confidence, that, although equity cases are not within the section of the constitution which provides that the right of trial by jury shall remain inviolate forever, the court can hardly err when it resorts to that method of determining questions of fact.   I do not think it proper, on this preliminary motion, to decide how far the claim of the defendants, that the stock transactions of the plaintiff are to be regarded as part of the partnership business, is well founded.   That will properly arise when the facts are found, and the foundation for final judgment thereon shall be made.   I refrain designedly from any further examination of that question than a mere reference to *Collyer on Part.* (§ 184 *et seq. and notes*).

Whether the interests of the parties are such as the plaintiff alleges or such as the defendants claim, is a question which I can well see will involve much contradiction—perhaps a question of veracity—a question of mistake or fraud in the drawing of papers—and is manifestly an inquiry which business men, accustomed to examine facts in the light in which people generally view them, rather than in the close method of judges and lawyers, should decide. On this I have not the slightest hesitation.   For my own part, I shall always be only too glad to have the aid of the experience and intelligence of our juries in arriving at the truth upon disputed facts, whether they arise in common law or in equity actions.   The law is properly the province of courts ; the determination of controverted facts is peculiarly for a jury.

Unless, therefore, the other considerations urged by the learned counsel for the plaintiff, both of which range them-

selves under the objection of delay, prevail, I shall grant the defendants' motion.

I think the objections should not deprive the defendants of the valuable right which they invoke.

Where there is a very heavy calendar, as in the supreme court, and the issues might have to stand a long time before they could be reached at the circuit, delay in making the application might reasonably be urged against it. But in this court, where there are almost constantly two trial terms, and the issues can speedily be tried, I think the objection does not possess much force. I do not overlook the ground upon which I granted a stay of proceedings some days ago, in one branch of this case.

I did, as the counsel for the plaintiff remarked, put that decision on the ground that the case could speedily be disposed of on the merits, and I reiterate that now. Only a brief interval will elapse before the issues can be tried, and certainly the law does not deprive one party of an important right in order to speed the other.

I do not think rule thirty-three, providing that either party, desiring a jury trial in cases of this description, shall make application within ten days after issue joined, presents any difficulty.

It was never heard that the court could not deviate from the general rules whenever in its judgment a proper case was presented. It is and always has been constantly done. A familiar instance is relieving parties against defaults taken for want of an affidavit of merits.

Indeed, the view of the plaintiff's counsel would give to time, in a rule of court, greater importance and rigidity than is generally ascribed to it when in a statute—when it is often construed as directory only.

Beyond this it is conceded, and such undoubtedly is the rule, and it has been acted on in a variety of instances, some of which are mentioned in *Van Santvoord's Eq. Pr.*, that on the hearing, the judge, if he deemed proper, even

without motion, might refuse to try the action and send issues to a jury. If this be so, it will be difficult to see why it is any objection to granting this motion that it is made by a party to the suit before the trial has commenced. I think, however, that the issues proposed are not exactly right. I am willing, if desired, to hear counsel before settling them, as there was not much discussion on that subject before me. My present view is, that the first issue proposed is not in controversy, and is therefore unnecessary. The second is well enough, except that, if the first be disallowed, it will require a trifling change to make it intelligible. The third, I think, should be altered by striking out the inquiry how much profit the plaintiff derived—that will properly form the subject of a reference after the trial—and adding, did such trade or speculation deprive the partnership of any of the skill, industry or capital to which it was entitled, or did the same give the plaintiff an interest adverse to the partnership or his duty thereto ?

I make these remarks as to the change of the proposed issues rather as suggestions than otherwise, without committing myself to them until the views of counsel are heard.

Motion to settle issues, and direct them to be tried by a jury, granted.