### SCHULTZE v. HUTTLINGER.

(Supreme Court, Appellate Division, First Department. May 3, 1912.)

1. TRIAL (§ 146*)—SPECIAL TERM—WITHDRAWING JUROR.

The Supreme Court has no power, at Special Term, to entertain a motion to withdraw a juror in an action on trial at the Trial Term; the only person having such power being the justice presiding at the trial.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 329; Dec. Dig. § 146.*]

2. APPEAL AND ERROR (§ 1062*)—HARMLESS ERROR—WITHDRAWING A JUROR.

The impropriety of the court at Special Term in passing on a motion of plaintiff to withdraw a juror in an action pending in the Trial Term was harmless, where the justice making the order as a Special Term order also presided at trial; since, if defendant had objected that the Special Term had no power to hear the motion, the justice would have entitled the order as having been made at Trial Term.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. § 1062.*]

3. COURTS (§ 85*)—RULES OF PROCEDURE—CONSTRUCTION.

The rules of practice and procedure should not be given a strained and technical interpretation or application which may defeat the ends of justice, and prolong litigation.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 294, 296–301; Dec. Dig. § 85.*]

4. TRIAL (§ 146*)—WITHDRAWAL OF JUROR—WAIVER OF OBJECTION.

An objection that a motion to withdraw a juror in an action pending at Trial Term could not be made at Special Term was waived, where not made when the motion came on for hearing.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 329; Dec. Dig. § 146.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. APPEAL AND ERROR (§ 974*)—WITHDRAWING JUROR—DISCRETION OF COURT.
    An application for leave to withdraw a juror is in fact an application to declare a mistrial so that the case may be adjourned to a future date, and the exercise of the trial court's sound discretion in ruling upon the application will rarely be reviewed.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3858, 3859; Dec. Dig. § 974.*]

6. COURTS (§ 68*)—TERMS OF COURT—CONTINUATION.
    The parties consented that a direction might be made by the court any time in the absence of the jury, and that the jury's presence was not necessary in order that a verdict might be rendered, and agreed that briefs should be submitted on December 20, 1911, but before that date, though, after the expiration of the November term of court, plaintiff moved for leave to withdraw a juror. *Held* that, since the trial judge was acting both as court and jury, the November Term must be deemed to have continued for the purposes of the case so as to give the court power to entertain any motion which was proper in case of a continued trial, so that the court had power to entertain the motion to withdraw a juror.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 240–242; Dec. Dig. § 68.*]

Appeal from Special Term, New York County.

Action by Walter Schultze against Oscar Huttlinger. From an order granting plaintiff's motion to withdraw juror, defendant appeals. Affirmed.

See, also, 145 App. Div. 276, 130 N. Y. Supp. 53.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Paul C. Schnitzler, of New York City, for appellant.

Frank F. Kirkpatrick, of New York City, for respondent.

SCOTT, J. The complaint alleges that defendant and one Vivie were formerly copartners; that on December 31, 1907, defendant entered into a written agreement with said Vivie that said defendant would pay and discharge all the debts and liabilities of said firm, and particularly drafts drawn by said firm on a certain German bank; that, said firm being indebted to said bank for drafts drawn on it, said bank sued the said firm and recovered judgment in the state court at Hamburg, in Germany. Plaintiff sues as assignee of said bank. It is evident that it was essential to the plaintiff's case to prove the recovery of the judgment in Germany, and its scope and effect as a judgment against the copartnership. Plaintiff attempted to supply this proof by the production of what purported to be an authenticated copy of the German judgment. This was objected to upon the ground that the record·offered was not properly authenticated. At the close of the testimony, plaintiff moved for the direction of a verdict, and defendant moved for a dismissal of the complaint. The court, wishing further opportunity to consider the question as to the admissibility of the judgment record, stated that it would reserve decision upon the motion, and asked counsel to consent on the record "that a direction be made by the court at any time in the absence of the jury; that is, that the presence of the jury is not insisted

upon in order that a verdict may be rendered." This was consented to, and it was agreed that briefs should thereafter be submitted by both parties. This took place on November 29, 1911, and the date fixed for the submission of briefs was December 20, 1911. Before that day arrived, counsel for both parties met in the chambers of the justice, and the counsel for plaintiff moved informally for leave to withdraw a juror. Defendant's counsel insisted that he should be given a formal notice of motion, and that a formal order should be entered upon its determination. The justice presiding at the time of the trial thereupon granted an order to show cause returnable at Special Term, Part 1, "why the plaintiff should not have leave to withdraw his motion for a verdict, and leave to withdraw a juror." This motion came on to be heard before the same justice who presided at the trial, who was then sitting at Special Term, Part 1, and was granted by him and a formal order made which is entitled in said Special Term, Part 1. From this order defendant appeals.

[1] He objects that the court at Special Term has no power to make an order for the withdrawal of a juror in an action on trial at the Trial Term, and that in any event the motion was made too late. It is undoubtedly true, as an abstract proposition, that the court at Special Term has no power to entertain or pass upon a motion to withdraw a juror in an action pending and on trial at the Trial Term. The only person who can entertain such a motion is the justice presiding at the trial.

[2] In the present case it was the justice presiding at the trial who heard the application and who granted the motion, and it was a purely harmless irregularity that he happened to be sitting in the Special Term room when he heard the motion, and that this order should recite that it was made at Special Term, and should be in the form of a court order. No doubt, if defendant had taken the objection that the Special Term had no power to hear the motion (as he did not on the record), the justice presiding would have entitled the order as having been made at Trial Term.

[3] The rules of practice and procedure are established with a view to the promotion of justice and the prompt disposal of litigation, and, while they are not to be ignored, they should not be given a strained and technical interpretation and application which may serve to defeat the ends of justice and prolong litigation.

[4] The objection that the motion was not one which could be made at Special Term should have been made, if at all, when it came on for hearing, and, not having been so made, must be deemed to have been waived. At all events, the motion was heard and decided by the only justice who had power to hear and decide it, and it made little or no difference where he sat at the time.

[5] The application for leave to withdraw a juror is in effect an application that the trial be declared a mistrial, and that the cause be adjourned for trial to a future day. It is addressed to the sound discretion of the justice presiding at the trial, and his exercise of this discretion will rarely be reviewed by an Appellate Court. Cattano v. Met. Street Ry. Co., 173 N. Y. 565, 66 N. E. 563; Cheesebrough v. Conover, 140 N. Y. 382, 35 N. E. 633. Indeed, the ques-

tion will seldom come before an Appellate Court where the motion has been granted, because such motions are usually made verbally at the trial, and no record is made except an entry in the clerk's minutes.

[6] In legal contemplation, this action was still pending when the motion was made. The court combining, by consent, the functions both of the justice and the jury, still held the cause under advisement, and was awaiting its final submission by the parties. The November Term, although ended for other business, must be deemed to have been continued so far as concerns this case. The court therefore had the whole matter before it precisely as it would have had if the trial had actually been continued before court and jury down to the moment that the motion for leave to withdraw a juror was made, and might properly entertain any motion which could have been made, in case of a continued trial, before the cause was finally submitted. The motion to withdraw a juror could have been so made. So far as the practice is concerned, we find no fatal irregularity. On the merits we see no reason for interfering with the exercise of his discretion by the trial justice.

The order appealed from must therefore be affirmed, with $10 costs and disbursements. All concur.