THE BROOME COUNTY FARMERS' FIRE RELIEF ASSOCIATION and Another, Respondents, v. NEW YORK STATE ELECTRIC AND GAS CORPORATION, Appellant.

Third Department, November 14, 1933.

*Keenan, Brink & Harrison* [*George G. Coughlin* of counsel], for the appellant.

*Ray T. Hackett* [*Harry S. Travis* with him on the brief], for the respondents.

HEFFERNAN, J. Pursuant to the provisions of the Civil Practice Act appellant caused to be taken by deposition testimony of one Loomis on the ground that because of his illness it appeared reasonably certain that he would be unable to attend the trial of the action. The testimony thus taken concededly is material and necessary for appellant in its defense.

The witness was sworn and his evidence taken by a stenographer and all the ordinary solemnities of a trial were observed. Shortly after the taking of the deposition and before the stenographer's minutes were transcribed Loomis died. It is undisputed that the testimony was accurately taken and correctly transcribed.

On the respondents' motion the court at Special Term ordered that the deposition be suppressed solely on the ground that it had not been read over and subscribed by the witness in accordance with the following provision of rule 129 of the Rules of Civil Practice: " A deposition, when completed, must be read carefully to the person examined and subscribed by him." It is that order which we are asked to review.

The requirement that a deposition must be read to and subscribed by the witness was not the rule in the earlier cases in this State. Such a provision was incorporated in section 880 of the Code of Civil Procedure and read: " The deposition, when completed, must be carefully read to and subscribed by the person examined." Under the Code provision reading and subscription were essential. (*Mc Nally, Inc.,* v. *Chapin,* 197 App. Div. 792.)

Section 302 of the Civil Practice Act, the successor to section 880 of the Code of Civil Procedure, now regulates the manner of taking testimony by deposition. It provides, *inter alia:* " Upon every oral examination, within or without the State, the person or officer

before whom the testimony is taken must take down or cause to be taken down every question and answer unless the parties consent or an order directs that only the substance of the testimony be inserted."

It is quite significant that the Civil Practice Act, which was enacted for the purpose of simplifying practice and to hasten justice, omitted the clause as to reading and subscription. The ancient requirement is now to be found only in rule 129. The purpose of the Code provision is obvious. The method of court reporting was then slow and cumbersome, which made it difficult to obtain accurate reports of an examination. Ordinarily only the substance of what the witness said was reported. To guard against error the testimony was read and signed. Progress in the stenographic art has been such that no difficulty is now experienced in obtaining accurate verbatim reports of testimony and, consequently, the reason for reading and signing the transcript has disappeared.

That portion of rule 129 under review has not been the subject of judicial interpretation. The case of *Van Son* v. *Herbst* (215 App. Div. 563), cited in the opinion of Mr. Justice CRAPSER, does not give judicial sanction to the rule. The only question at issue there was the right of a witness to make changes in the transcript to make it conform to his more deliberate recollection of the facts. The court merely held that he had the right to make corrections.

The court's authority to make rules is found in section 82 of the Judiciary Law. It is there written, however, that the rules adopted must not be inconsistent with any statute. It has been repeatedly held that a rule inconsistent with the Code of Civil Procedure is of no effect. (*Moot* v. *Moot*, 214 N. Y. 204; *Ackerman* v. *Ackerman*, 123 App. Div. 750; affd., 200 N. Y. 72; *Glenney* v. *Stedwell*, 64 id. 120.)

In my opinion the provision of rule 129 under consideration is inconsistent with section 302 of the Civil Practice Act and, therefore, invalid. It imposes an added requirement which must be complied with before a deposition is admissible in evidence. No rule can enlarge or abridge rights conferred by the statute. (*Ackerman* v. *Ackerman*, *supra*; *Auerbach* v. *D., L. & W. R. R. Co.*, 66 App. Div. 201.)

Even if the rule is valid this court has authority to relieve appellant from strict compliance. Substantial rights should not be sacrificed merely to do reverence to some technical rule. The rules of the Supreme Court are under its control and are to be enforced and administered by it. It can overlook or relieve against a

violation of them or a non-compliance with them. (*Martine* v. *Lowenstein*, 68 N. Y. 456; *Evans* v. *Backer*, 101 id. 289.) It is a fact that the Supreme Court has never hesitated to deviate from the general rules when in its judgment a proper case was presented. (*Clark* v. *Brooks*, 26 How. Pr. 285.) The rules of practice and procedure are established with a view to the promotion of justice and the prompt disposition of litigation, and while they are not to be ignored, they should not be given a strained and technical interpretation and application which may serve to defeat the ends of justice and prolong litigation. (*Schultze* v. *Huttlinger*, 150 App. Div. 489.) In *People* v. *Tweed* (5 Hun, 353) the court said: " The true object of technical rules is to promote justice or prevent injustice. When they fail of those ends and come to eat like rust into the substance of justice, courts should neither encourage nor enforce them."

Furthermore, I think that rule 129 may be construed as directory rather than mandatory, and a failure to comply with it constitutes simply an irregularity. The purpose of the act and of the rules is to secure the determination of issues upon their merits and to sweep away technicalities which may stand in the way of reaching the merits. (*Schultze* v. *Huttlinger*, 150 App. Div. 489.) In *Matter of Moore* (108 N. Y. 280), while it was said that rules have the force and effect of statutes, it was also said that a rule which is merely directory in its provisions may be disregarded or obviated.

In the case at bar the failure to have the deposition read over and subscribed by the witness is merely an irregularity. The court below in the exercise of a sound discretion should not have suppressed this deposition. The ruling of the Special Term contributes little to the development of truth and still less to the furtherance of justice.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

RHODES and BLISS, JJ., concur; CRAPSER, J., dissents, with an opinion, in which HILL, P. J., concurs.

CRAPSER, J. (dissenting). On the 21st day of November, 1932, pursuant to a notice duly served, the testimony of William E. Loomis, who lived at 18 Pine street in the city of Binghamton, was taken before Robert J. Ryan, and on the 12th day of January, 1933, there was filed in the office of the clerk of the county of Broome what purported to be the return of Robert J. Ryan, together with the deposition of such witness.

The purported deposition of the witness William E. Loomis was not read to him or subscribed as required by rule 129 of the Rules of Civil Practice, and upon a motion an order was made suppressing said deposition.

Before the adoption of the Civil Practice Act the manner of taking and returning a deposition of a witness was provided for by section 880 of the Code of Civil Procedure and provided that a deposition when completed must be carefully read to and subscribed by the person examined.

The Civil Practice Act provides through section 302 the manner of taking testimony of witnesses and contains no provision that the deposition shall be read to or subscribed by the person examined.

Rule 129 of the Rules of Civil Practice provides that a deposition when completed must be read carefully to the person examined and subscribed by him.

The Rules of Civil Practice were adopted by a convention as provided by chapter 902 of the Laws of 1920, as amended by chapter 370 of the Laws of 1921, and are binding upon all the courts in this State and the justices and judges thereof except the Court for the Trial of Impeachments and the Court of Appeals.

Section 288 of the Civil Practice Act provides that a party to an action may cause to be taken the testimony of any person which is material and necessary where such person is about to depart from the State, or is without the State, or resides at a greater distance than one hundred miles, or is so sick or infirm as to afford reasonable grounds of belief that he will not be able to attend the trial.

William E. Loomis lived in the city of Binghamton, and the only reason for the examination was upon the ground that he was sick or infirm.

The examination was had on the 21st day of November, 1932. The deposition was not immediately transcribed and sometime about a month afterwards William E. Loomis went to a hospital in Brooklyn for an operation where he died.

No reason was suggested in the moving papers why the deposition was not promptly transcribed and signed.

Rule 129 of the Rules of Civil Practice was obtained by taking provisions from sections 880, 883 and 900 of the old Code of Civil Procedure.

There is nothing inconsistent between section 302 of the Civil Practice Act and rule 129 of the Rules of Civil Practice, and when read together they contain complete directions for the taking of testimony by deposition.

The object of the Civil Practice Act and Rules of Civil Practice

was to simplify the practice and do away with many technical requirements and avoid unnecessary and vexatious delays.

The Rules of Civil Practice are not to override or change the settled meaning of the sections of the Civil Practice Act but are to cover details not inconsistent therewith. This is actually accomplished by reading rule 129 and section 302 together.

The purpose of the provision that a deposition when completed must be read carefully to the person examined and subscribed by him is to permit the witness to make any corrections or changes that he may desire in order to have it conform to his more deliberate recollection of the facts. It is read so that corrections may be made and the witness is free to make such corrections and add such new matter as will make it conform to his more deliberate recollection of the facts.

The deposition provided for by section 302 of the Civil Practice Act is not complete until it has been transcribed, read to and signed by the witness. (*Van Son* v. *Herbst*, 215 App. Div. 563.)

The order appealed from should be affirmed, with costs.

HILL, P. J., concurs.

Order reversed on the law and facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.