I. & B. UPHOLSTERING Co., INC., Appellant, *v.* HARRY A. KRESEL, Respondent.

First Department, December 3, 1937.

*Sidney Salant* of counsel [*A. I. Goldstein* with him on the brief], for the appellant.

No appearance for the respondent.

UNTERMYER, J.   The action is for goods sold and delivered by the plaintiff to the defendant.   Issue was joined by the service of the answer on November 6, 1936, at which time there was also served upon the plaintiff a demand for a bill of particulars.   Without complying with that demand, the plaintiff, on November 9, 1936, served notice of trial.   On December 18, 1936, an order was entered by the Municipal Court upon motion of the defendant striking the action from the calendar pursuant to subdivision (b) of rule XXVII of the Rules of the Municipal Court of the City of New York for failure on the part of the plaintiff to comply with the defendant's demand for a bill of particulars.   On appeal to the Appellate Term the order of the Municipal Court was affirmed.

The only question presented by this appeal concerns the validity of subdivision (b) of rule XXVII of the Municipal Court Rules on December 18, 1936, when the action was stricken from the calendar. That rule, effective January 1, 1936, provides as follows: " Where a demand for a bill of particulars has been made, and the same has not been served and filed with proof of service thereof with the clerk of the court where the action is pending, the trial of the action shall be stayed until a bill of particulars shall be served and filed as aforesaid.   Where a party serves and files a notice of trial without first complying with the demand for a bill of particulars, the adverse party may make a motion to strike the cause from the trial calendar, and such motion shall be granted with ten dollars costs.   This shall not apply where the party who is to furnish the bill of particulars appears in person."

The plaintiff asserts that these provisions of the rule are invalid in that they undertake to regulate the conditions under which a cause may be placed upon the calendar, as provided by section 95 of the Municipal Court Code, and are, therefore, inconsistent therewith.   (Compare *Moot* v. *Moot,* 214 N. Y. 204; *Broome*

*County F. F. R. Assn.* v. *N. Y. State E. & G. Corp.*, 239 App. Div. 304; affd., 264 N. Y. 614.) It is, accordingly, contended that the defendant's exclusive remedy is by the usual order of preclusion where the bill of particulars has not been served pursuant to demand.

However, the validity of subdivision (b) of rule XXVII at the time it was adopted need not be determined on this appeal, for assuming that it was valid then, it must be held to have been rescinded by the enactment of section 247 of the Civil Practice Act and section 78, subdivision 7, of the Municipal Court Code, both of which became effective on September 1, 1936. The enactment of these sections was followed by the adoption of rules 115, 116 and 117 of the Rules of Civil Practice, which also became effective on September 1, 1936. Reading these statutes and Rules of Civil Practice together, it is impossible to avoid the conclusion that it was intended to establish a uniform procedure applicable both to the Municipal Court and to the Supreme Court for securing the items of an account or a bill of particulars. (See Second Report of the Judicial Council, p. 153 *et seq.*, in Relation to Bills of Particulars.)

Section 247 of the Civil Practice Act provides: " Bills of particulars in any case, and copies of the items of an account; rules to regulate the practice. The justices of the Appellate Division of the Supreme Court shall have the power to adopt, amend and rescind rules regulating the practice pertaining to bills of particulars and copies of the items of an account."

Section 78, subdivision 7, of the Municipal Court Code, which became effective simultaneously, provides: " The procedure for obtaining a copy of the items of an account, or a bill of particulars, shall be that prescribed in the Civil Practice Act and rules adopted pursuant thereto."

Rule 115 of the Rules of Civil Practice, subdivisions (c), (d) and (e), adopted also to become effective on September 1, 1936, under the authority of section 247 of the Civil Practice Act, provides for securing a bill of particulars by order of preclusion, as follows:

" (c) In the event that a party fails to furnish a bill of particulars or copy of the items of an account, pursuant to the demand, or order modifying such demand, or other order for a bill of particulars, the court or a judge authorized to make an order in the action, upon notice to said party, may preclude him from giving evidence at the trial of the items of which particulars have not been delivered.

" (d) Where a bill of particulars, or copy of the items of an account, served pursuant to demand or order is regarded as defective or insufficient by the party upon whom it is served, such party shall make an application, upon notice, for an order of preclusion

or directing the service of a further bill. In the absence of special circumstances, motion papers for such relief shall be served within ten days after the receipt of the bill claimed to be insufficient.

" (e) Upon any application for a preclusion order the court shall grant such order with a provision that the same be effective unless a proper bill is served within a specified time thereafter."

The conclusion is irresistible that when the Legislature, by section 247 of the Civil Practice Act, conferred power on the justices of the Appellate Division to adopt Rules of Civil Practice (Judiciary Law, § 82) " regulating the practice " for obtaining bills of particulars, and by statute, effective simultaneously, prescribed that " the procedure " in such cases in the Municipal Court should " be that prescribed in the Civil Practice Act and rules adopted pursuant thereto," it was intended that the procedure in both courts in this respect should be the same. That " procedure " is set forth in rule 115 of the Rules of Civil Practice, which is thus made applicable to the Municipal Court. It follows that at the time the defendant's motion was made and granted, subdivision (b) of rule XXVII of the Municipal Court Rules had been abrogated by statute, whatever may have been its previous effect.

The determination of the Appellate Term and the order of the Municipal Court should, therefore, be reversed, with twenty dollars costs and disbursements of this appeal and ten dollars costs in the Appellate Term to the appellant, and the motion denied, with ten dollars costs.

MARTIN, P. J., TOWNLEY, COHN and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the order of the Municipal Court unanimously reversed, with twenty dollars costs and disbursements of this appeal and ten dollars costs in the Appellate Term to the appellant, and the motion denied, with ten dollars costs.