GRETCHEN RICKER, as Administratrix, etc., of FREDERICK W. RICKER, Deceased, Respondent, *v.* HENRY DANIELS, Appellant.

Second Department, March 30, 1942.

*Elihu L. Platowsky*, for the appellant.

*Morris L. Wolf*, for the respondent.

PER CURIAM. In an action by an administratrix to recover damages for the death of her intestate, defendant appeals from an order striking out his answer and directing that the cause be set down for an assessment of damages because defendant failed to sign, swear to, and return to plaintiff his deposition on an examination before trial.

A party who willfully refuses to obey an order of the court for his examination before trial on material matters is guilty of a suppression of evidence. (*Feingold* v. *Walworth Bros., Inc.*, 238 N. Y. 446; *People* v. *Henriques & Co.*, 267 id. 398.) For such disobedience the court may strike out his pleading in whole or in such part as may be relevant to the subject of the examination. Here there was no suppression of evidence. It appears that defendant was sworn before he testified, as required by section 302 of the Civil Practice Act. There is no requirement that the deposition be sworn to at the end thereof. Subscription to a deposition is not required by said section, which deals with the procedure, but is required by rule 129 of the Rules of Civil Practice. The requirement of that rule is directory and not mandatory. A failure to observe it is an irregularity and the deposition is available for use on the trial. (*Broome County F. F. R. Assn.* v. *N. Y. State E. & G. Corp.*, 239 App. Div. 304; affd., 264 N. Y. 614. See *Chase Watch Corp.* v. *Heins*, 284 id. 129.) As plaintiff undoubtedly is possessed of the notes of the stenographer and it is not indicated that plaintiff has not a copy of the deposition, the failure to return may not be deemed a suppression of the deposition.

The order striking out defendant's answer and directing that the cause be set down for an assessment of damages should be reversed on the law, without costs, and the motion should be denied, without costs.

LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ., concur.

Order reversed on the law, without costs, and the motion denied, without costs.