FREDERICK DIRIWACHTER et al., Plaintiffs, *v.* LEONARD T. OWENS et al., Defendants.

Supreme Court, Special Term, Richmond County, February 18, 1949.

*George M. Gunderson* for plaintiffs.

*Daniel Miner* for James C. Shay, defendant.

F. E. JOHNSON, J. The defendant, after being examined before trial, refused to sign the typed record thereof on the ground that it is not correct, in that it includes answers he did not make and omits answers that he did make; he has sought to recast parts of it to conform to what he claims to have been said at the examination. Plaintiff, rejecting that solution, moved to compel him to subscribe the typewritten record as presented. What he did actually say on that occasion is a subject of contradiction between him and the stenographer.

If he were merely seeking to *change* the answers, without denying that he had made them, perhaps the procedure might be such as was outlined in *Columbia* v. *Lee* (239 App. Div. 849 [1933]). There the *form* presented for signature did contain what was actually said at the examination, and the opinion speaks of the typed answers as still showing what was actually said; apparently the objection was not that the answers given were not in the typed record, but that they had not been correct and the party desired to change them. The appeal record shows that many changes were made by the plaintiff in the transcription " by physically deleting his original answers as transcribed by the stenographer and substituting " other answers, but there was no challenge to the transcript as an accurate statement of *what he had said on the examination.* LOCKWOOD, J., had

refused to direct him "to sign and subscribe his testimony taken * * * in the manner in which the testimony was originally transcribed"; the order was reversed and the proper procedure was indicated. Since the transcript was not challenged for inaccuracy the court said, *upon directing him to sign,* that " will leave available to the trial court the *original form of answer,* which may then be compared with the second form of answer to determine which one may or should be credited." (italics supplied.) *In the briefs on that appeal neither side questioned the power of the Supreme Court to make rule 129.*

About a year thereafter the Court of Appeals affirmed, without opinion *(Broome County Farmers' Fire Relief Assn.* v. *New York State Elec. & Gas Corp.,* 264 N. Y. 614) the ruling of the Third Department (239 App. Div. 304) that rule 129 (the directions to sign, etc.), was invalid for conflict with the Civil Practice Act.

It was not until 1941, that the subject was again presented to our Appellate Division *(Ricker* v. *Daniels,* 263 App. Div. 584). There defendant was found by the Special Term to have deliberately refused to sign an examination the accuracy of which was not challenged; upon motion his answer had been struck out, as the penalty permitted under the Civil Practice Act.

The appellate court, however, did not even direct him to sign as the price of reinstating his answer, but reversed the order, saying that these provisions of rule 129 are directory and not mandatory. *The court did not grant the plaintiff any relief,* but pointed out that plaintiff would have the stenographer available, so a transcript of the testimony given could be shown to the trial court by her proof as to what the defendant had said. The Court of Appeals affirmance *(supra)* may well have required the Ricker decision, *though neither brief made any reference to the Broome ruling that rule 129 was invalid, nor was it raised at Special Term.*

It seems therefore a fair conclusion that, in this department, one who protests the inaccuracy of the record that is offered as a transcript of his testimony will not be required to sign; the examining party will be entitled to show at the trial, through the stenographer and others, that defendant did actually say what is credited to him, and which was contained in the paper that he refused to sign. Motion denied.