L. Barron Hill, J.
This is a matrimonial action. Defendant served a note of issue and noticed the action for the February, 1957 Term of this court. Plaintiff now moves for an order “ strildng the above entitled action from the Special Term Calendar of this Court ’ ’ invoking the Special Buie of the Appellate Division, Second Judicial Department, for all counties therein to take effect January 15, 1957:
“ SPECIAL rule for the supreme court in the counties within THE SECOND JUDICIAL DEPARTMENT, REQUIRING THE PILING OP A ‘ STATEMENT OP READINESS ’ IN ORDER TO PLACE OR RETAIN ANT ACTION ON THE CALENDAR
(1) Effective January 15, 1957, no action may be placed on any calendar unless, together with the note of issue, there is filed a statement (and also proof of service of such note and statement upon all other parties or their attorneys), setting forth:
(a) That all necessary or proper preliminary proceedings allowed by statute and rule applicable to the action (Civil Practice Act, secs. 288 to 309-a, secs. 322 to 328; Buies of Civil Practice, Buies 115 to 116, 121 to 142) and by the rules of this court applicable to notes of issue, have been completed by all parties; or, if such proceedings have not been completed, either that there has been a reasonable opportunity to complete them or that the parties do not intend to conduct them:
(b) That the settlement of the action has been discussed unsuccessfully, or that no settlement discussions have been had and the reasons why; and
(c) That the action is ready for trial.
Such statement shall be known as a ‘ statement of readiness.’ ”
The reasons for the above rule are well known to all trial lawyers practicing'in the Supreme Court in the New York *686 metropolitan area which need not be recited here. Suffice it to say it is my considered opinion that it was never intended that this rule apply to matrimonial actions.
Irrespective of the intent behind the rule, it must be made to yield to circumstances to promote justice (People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163, 169).
Examinations before trial, physical examinations of plaintiffs and discussions of settlement and other preliminary practice in tort actions do not apply generally to matrimonial actions. Any statement required by the rule above as to readiness other than a statement, submitted here, is sufficient, i.e.:
‘ ‘ 1. All necessary and proper preliminary proceedings allowed by statute and rules applicable to the above entitled action (C. P. A. Sections 288 to 309-A in Sections 322 to 328; Buies of Civil Practice 115 to 116 and 121 to 142) and by the Buies of this Court applicable to notes of issue have been completed by all parties.
“ 2. That the settlement of the action has been discussed unsuccessfully. No settlement can be reached and the action apparently will have to be tried.”
Further, “ Substantial rights should not be sacrificed merely to do reverence to some technical rule.' The rules of the Supreme Court are under its control and are to be enforced and administered by it. It can overlook or relieve against a violation of them or a non-compliance with them. (Martine v. Lowenstein, 68 N. Y. 456; Evans v. Backer, 101 id. 289.) It is a fact that Supreme Court has never hesitated to deviate from the general rules when in its judgment, a proper ease was presented. (Clark v. Brooks, 26 How. Pr. 285.) The rules of practice and procedure are established with a view to the promotion of justice and the prompt disposition of litigation, and while they are not to be ignored, they should not be given a strained and technical interpretation and application which may serve to defeat the ends of justice and prolong litigation. (Schultze v. Huttlinger, 150 App. Div. 489.) In People v. Tweed (5 Hun 353) the court said: ‘ The true object of technical rules is to promote justice or prevent injustice. When they fail of those ends and come to eat like rust into the substance of justice, courts should neither encourage nor enforce them. ’ ” (Broome County Farmers’ Fire Relief Assn. v. New York State Elec. & Gas Corp., 239 App. Div. 304, 306-307.)
“ The rules and practice of the court being established by the court, may be made to yield to circumstances, to promote the ends of justice.” (Jackson, ex dem. Bleecker v. Wiseburn, 5 Wend. 136, 137, cited with approval in Wait v. Van Allen, *687 22 N. Y. 319, 321 and People ex rel. Northchester Corp. v. Miller, supra, p. 169.)
The Supreme Court Rules for Nassau County confirm the court decision — unchanged for the past TOO years. Rule 29 states: ‘ ‘ Rule 29. Waiver of compliance with the Rules. For good cause shown in any case, the court, in the interests of justice, may waive compliance with any provision of these rules. Such waiver, however, shall not extend to any provision of the Rules of Civil Practice, Civil Practice Act, statute, constitution or substantive law, except as therein prescribed.”
It follows that the motion is denied. Submit order.