Jacob J. Schwartzwald, J.
Defendants move to preclude for failure of plaintiff to serve a bill of particulars pursuant to demand made for same. Plaintiff cross-moves to vacate the aforesaid demand.
The following appears from the papers submitted on the instant motions: Issue in this case was joined by service of answer to plaintiff’s amended complaint on December 31, 1957. In January, 1959 defendants moved this court for an order dismissing plaintiff’s amended complaint for lack of prosecution. By order dated February 16, 1959 the court granted said motion to dismiss unless plaintiff noticed the action for the April 1959 Term of the court. Pursuant to said order of February 16, 1959 plaintiff filed a note of issue and statement of readiness; however, the date on which the foregoing were filed is not stated in the papers submitted herein. The demand of defendants for a bill of particulars was served by mail upon plaintiff’s attorneys on February 26, 1959.
On the instant motion to preclude, defendants contend that plaintiff is in default and that defendants are entitled to an order of preclusion inasmuch as plaintiff has neither served a bill of particulars in response to defendants’ demand nor moved within the time prescribed in rule 115 of the Buies of Civil Practice to vacate or modify said demand. The argument made on behalf of plaintiff appears to be that defendants unduly delayed in making their demand for a bill of particulars, and that by virtue of the filing by plaintiff of the statement of readiness, defendants have waived their right to a bill of particulars and are not entitled thereto.
Where a plaintiff neither serves any bill of particulars, nor makes a motion to vacate or modify a demand for a bill of particulars within five days following receipt of such demand, a defendant is generally entitled to the particulars as demanded ; and the failure to furnish the particulars demanded may subject the plaintiff to an order of preclusion (Rules Civ. Prac., rule 115; Steuart v. Jacobs, 107 N. Y. S. 2d 535; Tomasino v. Prudential Westchester Corp., 1 A D 2d 781). The foregoing rule, however, is to be applied as limited by the view apparently adopted by the Appellate Division, both in the First and Second Departments, namely, that the failure by a party to complete pretrial proceedings prior to the filing of a state *486 ment of readiness by the adverse party constitutes, unless a motion be made within 20 days after such filing to strike the case from the calendar, a waiver of the right to further pursue such proceedings where there are absent any special or unusual circumstances, or satisfactory reason excusing the delay (see Norman v. Pyramid Cranes Co., 3 A D 2d 927; see, also, Price v. Brody, 7 A D 2d 204). Moreover, subdivision 9(c) of the Statement of Readiness Rule affecting this court, as amended, effective September 8, 1958, provides that ‘ ‘ After any action has been placed on the Trial Calendar, pursuant to this Statement of Readiness Rule, no pre-trial examination or other preliminary proceeding- may be had, * * * except under the following circumstances: If unusual and unanticipated conditions subsequently develop which make it necessary that further pre-trial examinations or further preliminary proceedings be had and if, without them, the moving party will be unduly prejudiced ” (Rules of App. Div., 2d Dept., Special Rule Requiring the Filing of a Statement of Readiness in order to Place or Retain any Action on any Trial Calendar). However, in the instant case it is not expressly stated, nor does it otherwise clearly appear, that the statement of readiness was filed prior to the expiration of the period of time within which plaintiff was required to furnish a bill of particulars. Moreover, even if it be assumed that filing of the statement of readiness was effected before the expiration of such period, the circumstances which led to the filing are nevertheless such as justify, upon the instant motion of defendants, a determination directing plaintiff to furnish the particulars to which defendants are entitled. The Statement of Readiness Rule is not designed to hinder justice; hence, it may be made to yield to circumstance, to promote the ends of justice (see McTavish v. McTavish, 6 Misc 2d 685 and authorities therein cited on this point; see, also, Amkraut v. Roanoke Garment Co., 5 A D
To deprive defendants in the instant case of the right to be furnished particulars of plaintiff’s case would be to reward plaintiff despite the plaintiff’s delay in moving- the case to trial and notwithstanding the fact that plaintiff noticed the case for trial only because this court directed such action as an alternative to dismissal of the complaint. The interests of justice in such a situation favor the granting, in some measure, of the relief sought by defendants.
Accordingly, defendants ’ motion to preclude is granted unless within 10 days after service of a copy of the order to be *487 entered hereon, with notice of entry thereof, a hill of particulars in compliance with the demand served by defendants is furnished. It follows that plaintiff’s cross motion to vacate the demand is denied.
Settle order on notice.