Walter R. Hart, J.
Issue was joined in this action on June 18, 1958. In May, 1959 plaintiff noticed the case for the June 1959 Term. Defendants, on May 11, 1959, moved to strike the case from the calendar for three reasons, viz., plaintiff had *842 not submitted to an examination before trial; had not submitted to a physical examination; and had failed to authorize an examination of his X-ray plates.
The motion to strike from the calendar returnable at Special Term, Part I was, in compliance with the rules, referred to Mr. Justice Martuscello, then presiding in Special Term, Part VIII. Counsel thereupon entered into a written stipulation which provided that the motion to strike be granted unless the plaintiff submit to a physical examination by Dr. Groft on or before June 30, 1959, at which time his X rays were to be made available. Plaintiff fully complied with the terms of the stipulation and, predicated upon an affidavit to that effect, an order was entered by Mr. Justice Martuscello denying the motion to strike.
Defendants now move for an examination before trial on the ground that the attorney who entered into the stipulation u was not aware that the defendants considered it important and desirable to conduct an examination before trial of the plaintiff.” Since the original motion to strike was denied, the instant motion is to be treated as an application for an examination before trial under subdivision (c) of section (9) of the Special Buie of the Appellate Division, Second Department, relating to the filing of Statements of Beadiness, which reads as follows: ‘1 After any action has been placed on the Trial Calendar pursuant to this Statement of Beadiness Buie, no pre-trial, examination or other preliminary proceeding may be had * * * except under the following circumstances: If unusual and unanticipated conditions subsequently develop which make it necessary that further pre-trial examinations or further preliminary proceedings he had and if, without them, the moving party wifi be unduly prejudiced, the court may make an order granting permission to conduct such examinations * # V’
Patently, the facts disclosed by the moving affidavit demonstrate that the instant application does not come within the purview of the above rule. Accordingly, the motion is denied.
Submit order.