John E. Cows, J.
By this motion plaintiff seeks (1) to strike defendant’s answer for willful failure to return the transcript of the witness Margaret Lawton, subscribed by that witness, and for refusal to provide plaintiff with certain records referred to in the foregoing examination before trial; (2) to obtain a further examination before trial; (3) to obtain a discovery and inspection; and (4) to preclude defendant from adducing any evidence in support of the first affimative defense for failure to serve and file a bill of particulars pursuant to demand made January 22, 1958.
Though the examination before trial had been concluded in October, 1957, the transcript of the witness’ testimony was not forwarded to the defendant until six months later, in May, 1958, the same month when the witness terminated her employment with the defendant. Aside from the fact that there has been a failure in showing any willfulness on the part of the defendant, there is no provision in the statute authorizing the striking of a pleading where the transcript is not subscribed by the witness (see Civ. Prac. Act, § 302). The motion to strike defendant’s answer is therefore denied (Boxer v. 2 East 75th St. Corp., 55 N. Y. S. 2d 926; Richer v. Daniels, 263 App. Div. 584).
The court will now consider the plaintiff’s application for a further examination before trial and for a discovery and inspection. By filing a statement of readiness in June, 1958, plaintiff certified that “ all necessary or proper preliminary proceedings * * * have been completed.” (Appellate Division Special Rule, 2d Dept., as amd., eff. Nov. 18, 1957.) Such certification by the plaintiff constitutes a waiver of any rights plaintiff may have had to a further examination before trial, a bill of particulars or a discovery and inspection (see Price v. Brody, 7 A D 2d 204 [1st Dept., where the same special rule prevails]). Any ‘‘ stipulation or agreement purporting to waive *517 or supersede any provision of this rule, unless approved by the court * * * will be deemed a nullity.” (Special Rule, § 9 [a].) A general statement of alleged reliance by the plaintiff upon the good faith of the attorneys employed by defendant’s attorney of record, allegedly based upon an understanding had between them, may not be accepted by the court in the face of the strict applicability of the special rule which bars incomplete cases from the calendar and which specifically voids any private understanding or arrangement had, if any, between counsel pertaining thereto (see Bager v. Fredenberg, N. Y. L. J., Sept. 30, 1959, p. 13, col. 5).
Furthermore, by failing to establish the existence of unanticipated special circumstances which developed since the filing of the statement of readiness, the plaintiff has failed to bring this application within the purview of the exception to the rule as set forth in section 9(c) thereof (Pappas v. Bee Line, 21 Misc 2d 841). The relief sought by the plaintiff at this time pertains to matters about which plaintiff was fully cognizant when the statement of readiness was filed. The plaintiff, having therein represented to the court that all prior proceedings had been concluded, must be assumed to have been fully aware of the import of such representation and to have knowingly relinquished and waived all rights theretofore accruing in exchange for the benefits to be derived by having the ease placed upon the Trial Calendar.
Plaintiff’s motion for a further examination before trial and a discovery and inspection is denied.
Upon defendant’s consent, the defendant’s first affirmative defense is stricken. The plaintiff’s motion to preclude therefore becomes academic and is denied. Settle order on notice in accordance herewith.