■ STEVEN W. MAJESKI, Appellant, v. ACCURATE CONSTRUCTION COMPANY, Respondent, et al., Defendant.— In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County, dated December 9, 1959, as dismissed his complaint against defendant Accurate Construction Company, on the basis of the opening statement made by plaintiff's counsel upon a jury trial. Judgment insofar as appealed from, reversed, with costs, action severed as to said defendant Accurate Construction Company, and new trial ordered as against it. In our opinion, counsel's opening statement, read in the light of the issues raised by the pleadings (including plaintiff's bill of particulars), raised triable questions of fact as to plaintiff's freedom from contributory negligence and as to whether the said defendant was guilty of actionable negligence. Kleinfeld, Christ and Pette, JJ., concur; Beldock, Acting P. J., and Ughetta, J., dissent and vote to affirm.

■ GEORGE A. MORRISON, Respondent, v. SAM SNEAD SCHOOLS OF GOLF OF NEW YORK, INC., Appellant.— In a breach of contract action to recover unpaid salary and commissions, and for an accounting and other relief, in which a note of issue and statement of readiness had been filed and which is on the calendar awaiting trial, the defendant corporation appeals from an order of the Supreme Court, Nassau County, dated March 10, 1961, granting plaintiff's motion to examine it before trial. Order reversed, without costs, and motion denied. The plaintiff failed to show any facts warranting the granting of relief under paragraph (c) of subdivision (9) of the Statement of Readiness Rule of this court (see Rules App. Div. [2d Dept.], special rule, eff. Jan. 15, 1957, as amd.). Under this rule, when a plaintiff places a case upon the calendar by filing a note of issue and a statement of readiness without having taken the defendant's deposition, such action ordinarily constitutes a waiver of the plaintiff's right to take the deposition. It is only when unusual, unanticipated conditions develop thereafter that the court has discretion to depart from this interpretation of the rule. We find no such conditions in this case. The rule is intended to keep off the trial calendar all those cases which are not ready; and the rule prohibits any private understanding or arrangement between counsel for the purpose of avoiding it (cf. *Price* v. *Brody,* 7 A D 2d 204; *Aaron* v. *St. Peter's Hosp.,* 26 Misc 2d 515). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.