Dorothea E. Donaldson, J.
This is a motion for an order vacating the State’s form “ Notice of Examination Before Trial ” and for an associated protective order under CPLR 3103. A prior demand by the State for a bill of particulars, also conveyed by a form document, was withdrawn.
The first issue raised in this proceeding may be stated as follows: Does the newly promulgated rule 25a of the Rules of the Court of Claims in any way limit the scope of the State’s authority to examine as set forth in subdivision 1 of section 17 of the Court of Claims Act? Subdivision 9 of section 9 of the act empowers the court “ To establish rules for the government of the court and the regulation of practice therein and to prescribe the foppis of procedure before it, in furtherance of the *439 provisions of this act and not inconsistent with law ” (emphasis added). Rule 25a contains no language which could be deemed to enlarge or abridge any rights conferred upon the State by statute; indeed any such inference would be manifestly improper. (CPLR 102.) (Broome County Farmers Fire Relief Assn. v. New York State Elec. Gas Corp., 239 App. Div. 304, affd. Avithout opn. 264 N. Y. 614.)
Section 17 of the Court of Claims Act permits the State to examine a claimant “ for any cause whatever” and this provision has been held to extend to appropriations. (Fitzgerald v. State of New York, 5 A D 2d 3.) However, courts have “ broad discretion and powers to prevent the occasional abuse which may arise in a system of liberal disclosure.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3103.01.)
The question then arises as to whether the provisions of rule 25a (mandating service of all appraisal reports on all parties AAdthin six months from the date an appropriation claim is filed) which are designed, as it states: “ (a) to aid and encourage the early disposition and settlement of appropriation claims and (b) to compel a full and complete disclosure so as to enable all parties to more adequately and intelligently prepare for a trial of the issues ”, require an evaluation of the scope of examination to be alloAved.
At the outset it may be observed that the court’s task is complicated by the fact that the form notice submitted involved several provisions AArhich are inapposite to the facts of the case at bar. The Attorney-General, conceding this, AvithdreAV the offending paragraphs at oral argument. As to the remaind.er the defendant urges that the examination is essential in order for the State to be able adequately to prepare an accurate and realistic appraisal. With this posture the court agrees. While both absolute and discretionary provisions are made in rule 25a for the service of amended reports of appraisal folloAving the six-month period, considerable time and effort can be saved by the disclosure of those facts Avhich are solely Avithin the possession of the claimant and otherwise unavailable to the defendant and should exclude any material Avhich may be considered expert or evidentiary opinion.
Accordingly the claimant, by its president or other officer having knowledge, is directed to appear at a time and place mutually agreeable to counsel to be examined relative to its claim as follows: first, as to the “ justness ” or quantum of damages claimed (Fitzgerald v. State of New York, supra); second, as to any maps, plans or surveys now in existence but not filed Avith a public official; third, as to the details concerning the *440 assignment of the cause of action to the claimant, the consideration passing therefor, and the extent to which the transfer was an arm’s length transaction; fourth, as to whethfer claimants have suitable access; and fifth, any contracts, leases, or deeds relating to the appropriated premises now in existence but not filed with a public official. The examination shall be limited to a period extending from three years prior to the taking and for the two years immediately thereafter. The claimant shall produce all pertinent books, records, and documents.
Finally it is observed that misunderstanding would have been obviated by the avoidance of a stereotyped form. It should not be necessary for the court to sift and prune away objectionable material in order to reach a residuum of proper demands. Indeed courts have often refused so to act under analogous circumstances and have vacated an entire process. (See, e.g., Universal Metal Prods. Co. v. De-Mornay Budd, 275 App. Div. 575.)