■ CAPRI BEACHWEAR, INC., Respondent, v AAA STRETCH, INC., Appellant.—Order, Supreme Court, New York County, entered December 11, 1974, denying defendant's motion to strike the note of issue, unanimously reversed, on the law and the facts, and the note of issue stricken. Appellant shall recover of respondent $40 costs and disbursements of this appeal. Order, Supreme Court, New York County, entered March 19, 1975, directing the defendant by one Kamp to submit for examination before trial, unanimously reversed, on the law and the facts, and the motion denied, without costs and without disbursements. The plaintiff filed a statement of readiness and a note of issue, and the defendant moved to strike on the ground that the pretrial procedures the defendant was conducting of the plaintiff had not been concluded. That the matter was not yet ready to be tried was demonstrated when the case went to trial and a mistrial was declared. The plaintiff, however, having filed its statement of readiness and note of issue, in the absence of unusual circumstances is barred from further pretrial proceedings. (See *Price v Brody,* 7 AD2d 204; *Morrison v Sam Snead Schools of Golf of N. Y.,* 13 AD2d 986.) Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.

■ MONSERRATE CRUZ et al., Respondents, v VERVILLE WHYTE, Appellant.—Orders, Supreme Court, Bronx County, entered, respectively, March 14, 1975, granting plaintiff's motion to strike defendant's answer for failure to appear for examination before trial as directed by a prior order, and April 16, 1975, denying defendant's motion to renew, unanimously affirmed, with $60 costs and disbursements to respondent. Study of the record discloses that defendant consented to an adjournment to December 2, 1974 of the court-directed examination and willfully did not appear. His past conduct with respect to previous scheduled examinations buttresses this conclusion. Further, defense counsel admittedly has experienced indifference and lack of co-operation on the part of his client and has difficulty in contacting him. As aptly stated by Special Term: "Unless defendant's attorneys can demonstrate to the court a reasonable basis to assure defendant's attendance to take his deposition, the relief ordered herein should remain undisturbed." Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.